[Cite as *White v. White*, 2021-Ohio-3488.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

| | |
|---|---|
| ROBERT T. WHITE a.k.a. ROBERT THOMAS WHITE, et al., | CASE NO. 2020-L-119 |
| Plaintiffs-Appellees, | Civil Appeal from the Court of Common Pleas |
| - v - | |
| RICHARD P. WHITE, a.k.a. RICHARD PAUL WHITE, et al., | Trial Court No. 2017 CV 000218 |
| Defendants, | |
| PATRICIA ELLEN WHITE, et al., | |
| Defendant-Appellant. | |

# **O P I N I O N**

Decided: September 30, 2021
Judgment:  Affirmed

*Thomas G. Lobe, Patricia J. Schraff,* and *John P. Thomas,* Schraff Thomas Law, LLC, 2802 S.O.M. Center Road, Suite 200, Willoughby Hills, Ohio 44094 (For Plaintiffs-Appellees).

*Kristy White*, Executor for the Estate of Daniel Joseph White, pro se, 705 East Stacey Lane, Tempe, Arizona 85824 (Plaintiff-Appellee).

*Patricia Ellen White*, pro se, 13500 Shaker Boulevard, 403, Cleveland, Ohio 44120 (Defendant-Appellant).


THOMAS R. WRIGHT, J.

{¶1}    Appellant, Patricia Ellen White, appeals the judgment approving a final trust report and allowing final distribution of the trust.  We affirm.

{¶2}    Appellant's mother, Patricia R. White ("decedent"), died testate in 2013. Decedent's inter vivos trust, established in 2011, provided that, upon her death, the trust estate would be divided between her ten children.  When established, the trust named decedent as trustee and decedent's children Robert and Ruth as successor co-trustees. A modification to decedent's trust just prior to her death replaced Ruth with decedent's son Richard as successor co-trustee and provided that decedent's son Michael was to receive decedent's real property on Lake Road East.  After decedent's death, an estate was opened in the Ashtabula County Probate Court.  Thereafter, Robert and several other trust beneficiaries (collectively "appellees") brought suit in that court against Richard and Michael, alleging that they had fraudulently obtained the trust modification.

{¶3}    In 2014 and 2016, Michael was indicted on forgery and theft charges as a result of his actions with respect to decedent's finances.  Following Michael's indictments, appellees voluntarily dismissed their suit in Ashtabula County.

{¶4}    In 2017, appellees again filed a complaint, this time in the general division of the Lake County Common Pleas Court ("the trial court").  The complaint included appellant as a necessary party due to her status as a beneficiary of the trust.  The complaint contained allegations against Michael, Richard, and Richard's wife Christina Hall White, regarding their handling of decedent's finances and the trust modification. Appellant answered the complaint on March 23, 2017, denying the allegations.

{¶5}    On April 17, 2017, Michael moved to strike certain attachments to the complaint.  The trial court denied the motion.  On June 12, 2017, Richard and Christina moved to transfer venue, arguing that the Ashtabula County Court of Common Pleas was a more appropriate forum pursuant to Civ.R. 3.  The trial court denied the motion.

2

{¶6} In May 2018, the trial court issued a judgment entry incorporating a partial agreement among the parties declaring the trust modification void with a limited exception. In July 2018, the trial court approved an agreed judgment entry resolving the remainder of appellees' claims. The May and July 2018 entries provided that the trial court reserved jurisdiction to enforce the settlement agreement.

{¶7} In 2020, appellees moved to enforce the settlement agreement and approve the final trust report and requested attorney fees and costs. Appellant opposed the motion on the basis that she was not provided access to information on the trust property, liabilities, receipts, and disbursements. The trial court held appellees' motion in abeyance and ordered appellees to provide certain trust documents to appellant. Thereafter, appellees filed a notice of service indicating that they had sent appellant all such documents.

{¶8} After appellees filed their motion to enforce the settlement, appellant moved three times for a formal accounting. In these motions, appellant made several allegations related to the handling of the case and the trust. The trial court denied these motions, holding that there is no statutory basis for ordering a formal accounting. Thereafter, appellees moved the trial court to declare appellant a vexatious litigator.

{¶9} On October 30, 2021, the trial court issued a judgment entry finding the final report complete and allowing the final distribution to be made pursuant to the final report, but denying appellees' requests for attorney's fees and costs and to have appellant declared a vexatious litigator.

{¶10} Appellant assigns the following errors, which we address together:

> [1.] The trial court committed prejudicial error in denying defendant's motion to strike pursuant to Ohio Rule Civil

3

Procedure 12(F). The general division of Lake County Court lacked jurisdiction over a refiled Ashtabula County Probate Court case. Ashtabula County Probate Court obtained jurisdiction first in the matter in both 2013 ES 00238 and 13CVP12. Both cases concern the assets of the Patricia R. White Trust. Per R.C. 2101.24 (A) (1), the conduct of an executor and trustees is within the exclusive jurisdiction of the probate court. The Ohio Constitution created a separate probate division within a court of common pleas, and R.C. 2101.24(B) established concurrent jurisdiction between general and probate divisions of the SAME court. Ashtabula County Probate Court may have sua sponte transferred the case to its general division. R.C. 2101.24(B)(2), but it did not. Actions concerning the Patricia R. White Trust were initiated in Ashtabula County Probate Court and those actions were ongoing at the time this case was refiled in Lake County Common Pleas Court. The judgment and proceedings of the Lake County Common Pleas Court should be voided for lack of jurisdiction.

[2.] The Lake County Court erred in not transferring the case to Ashtabula County Probate Court. The judgment and proceedings of the Lake County Common Pleas Court should be voided for lack of jurisdiction. This action was commenced in the general division of the common pleas court. The trial court lacked statutory authority to invoke its probate jurisdiction and proceed to determine issues as if it were probate court thereby preventing appellant from having a fair proceeding. R.C. 2102.24(A)(1)(c), which states in part that the probate court has "exclusive jurisdiction" to "direct and control the conduct and settle the accounts of executors and administrators and order the distribution of estates," and under that section, any matter relating to the administration of an estate and the distribution of its assets is within the exclusive jurisdiction of probate court.

{¶11} Although appellant's assignments of error appear to challenge the trial court's rulings on the motions to strike and to transfer venue filed by Michael and Richard, respectively, her arguments in support pertain to whether the trial court lacked subject matter jurisdiction.

4

Case No. 2020-L-119

{¶12} The issue of whether a trial court lacks subject matter jurisdiction may be raised at any time. "Subject-matter jurisdiction is the power of a court to entertain and adjudicate a particular class of cases." *Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, 21 N.E.3d 1040, ¶ 19, citing *Morrison v. Steiner*, 32 Ohio St.2d 86, 87, 290 N.E.2d 841 (1972). "A court's subject-matter jurisdiction is determined without regard to the rights of the individual parties involved in a particular case." *Kuchta* at ¶ 19, citing *State ex rel. Tubbs Jones v. Suster*, 84 Ohio St.3d 70, 75, 701 N.E.2d 1002 (1998); *Handy v. Ins. Co.*, 37 Ohio St. 366, 370 (1881).

{¶13} Therefore, the issue here is whether the trial court had jurisdiction over the type of action filed by appellees: a complaint for removal of a trustee, declaratory judgment, breach of fiduciary duty, conversion, unjust enrichment, constructive trust, accounting, and other relief relative to an inter vivos trust.

{¶14} "Ohio's common pleas courts are endowed with 'original jurisdiction over all justiciable matters * * * as may be provided by law.'" *Kuchta* at ¶ 20, quoting Article IV, Section 4(B), Ohio Constitution. Pursuant to R.C. 2305.01, the common pleas court has, with limited exceptions, "subject-matter jurisdiction over 'all civil cases in which the sum or matter in dispute exceeds the exclusive original jurisdiction of county courts.' This differentiates the courts of common pleas from other courts that * * * have more limited grants of jurisdiction." (Citation omitted.) *Ohio High School Athletic Assn. v. Ruehlman*, 157 Ohio St.3d 296, 2019-Ohio-2845, 136 N.E.3d 436, ¶ 8. "Because of R.C. 2305.01's general grant of jurisdiction, a court of common pleas has jurisdiction over any case in which the matter in controversy exceeds the jurisdictional limit unless some statute takes that jurisdiction away." (Citation omitted.) *Id.* at ¶ 9.

5

{¶15} Here, appellant argues that jurisdiction of this case is controlled by R.C. 2101.24(A)(1)(c), which vests exclusive jurisdiction in the probate court "[t]o direct and control the conduct and settle the accounts of executors and administrators and order the distribution of estates[.]" However, this case does not involve the administration of decedent's estate. Instead, it involves decedent's inter vivos trust. Rather than removing jurisdiction from the common pleas court, R.C. 2101.24(B)(1)(b) provides that the probate court *has concurrent jurisdiction* with the general division of the court of common pleas "to hear and determine * * * [a]ny action that involves an inter vivos trust[.]"

{¶16} Accordingly, to the extent that appellant argues that the probate court has exclusive jurisdiction to hear this case, her argument lacks merit.

{¶17} Appellant further argues that, because appellees had originally filed a complaint in the Ashtabula County Probate Court, the jurisdictional priority rule results in that court retaining jurisdiction.

{¶18} The jurisdictional priority rule provides that "when the same issue has been properly raised in two state courts of concurrent jurisdiction, the court that had its jurisdiction invoked first acquires exclusive authority to adjudicate the issue." *Szokan v. Szokan*, 11th Dist. Lake No. 2020-L-020, 2020-Ohio-7001, ¶ 28, citing *State ex rel. Consortium for Economic and Community Dev. for Hough Ward 7 v. Russo*, 151 Ohio St.3d 129, 2017-Ohio-8133, 86 N.E.3d 327, ¶ 8. "However, the rule only applies when the two actions are pending at the same time." *Szokan* at ¶ 28, citing *Russo* at ¶ 11.

{¶19} Here, appellees voluntarily dismissed their action in the probate court prior to filing in the trial court.

> Pursuant to Civ.R. 41(A)(1)(a), a plaintiff has an absolute
> right, regardless of motive, to one voluntary, unilateral

6

termination of the plaintiff's case without prejudice at any time prior to the commencement of trial, unless a counterclaim which cannot remain pending for independent adjudication has been served by the defendant.

* * *

In Ohio, voluntary dismissal in compliance with Civ.R. 41(A)(1) divests the trial court of jurisdiction to proceed to determine the case. * * * Where a notice of dismissal in compliance with Civ.R. 41(A)(1)(a) has been filed, an action is treated as if it had never been commenced. * * *

*Swearingen v. Swearingen*, 10th Dist. Franklin No. 05AP-657, 2005-Ohio-6809, ¶ 22-24.

{¶20} Because appellees voluntarily dismissed their suit in the Ashtabula County Probate Court prior to refiling in the Lake County Court of Common Pleas, the jurisdictional priority rule is inapplicable.

{¶21} Accordingly, appellant's assignments of error lack merit. The judgment is affirmed.

MARY JANE TRAPP, P.J.,

MATT LYNCH, J.,

concur.

7

Case No. 2020-L-119