[Cite as *In re Roudebush Trust*, 2021-Ohio-4557.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## CARROLL COUNTY

IN MATTER OF:

JAY F. ROUDEBUSH AND BEVERLY J. ROUDEBUSH

TRUST

---

**OPINION AND JUDGMENT ENTRY**
Case No. 21 CA 0949

---

Civil Appeal from the
Common Pleas Probate Court of Carroll County, Ohio
Case No. 20163002

**BEFORE:**
Gene Donofrio, Cheryl L. Waite, David A. D'Apolito, Judges.

---

**JUDGMENT:**
Reversed, Vacated and Remanded.

---

*Atty. Michela Hutch*, P. O. Box 17, Bolivar, Ohio 44912, for Appellant-Trustee Martin Roudebush and

*Atty. R. Scott Heasley*, Meyers, Roman, Friedberg & Lewis, 28601 Chagrin Blvd., Suite 500, Cleveland, Ohio 44122, for Appellees-Intervenors, Jeffery Bory and Germaine Lawless and

*Atty. Sandra Cheshire,* Cheshire Law Office, LLC., 1401 South Main Street, Suite 102, North Canton, Ohio 44720, for Appellees-Beneficiaries Beverly J. Roudebush and Martin Roudebush.

Dated:
December 13, 2021

---

**Donofrio, J.**

{¶1}     Appellant Martin Roudebush, (Martin) as Third Successor Trustee of the Jay F. Roudebush and Beverly J. Roudebush Trust (Trust), appeals a February 8, 2021 Carroll County Common Pleas Probate Court judgment.   He challenges the probate court's jurisdiction and authority to hold a hearing to appoint him as Third Successor Trustee and the court's orders emanating from that hearing.   He further asserts that the probate court abused its discretion when it stated that he and his counsel were present for the hearing when neither of them were afforded notice of the hearing. Beverly Roudebush (Beverly), beneficiary of the Trust, and Martin Roudebush as qualified beneficiary, are appellees in this case. Intervenors Jeffrey Bory and Germaine Lawless are separate appellees.

{¶2}     In December 1989, Jay F. Roudebush and his daughter, Beverly, formed the Trust, which transferred property and a family home to Beverly. Appellees Bory and Lawless moved in next door to this property.   The original trustee for the Trust died, and Beverly, as sole remaining beneficiary of the Trust, filed a motion in probate court under R.C. 5807.04 to appoint a successor trustee.   In her motion, Beverly indicated that the court should appoint a trustee because the Trust had no remaining trustee, the Trust appointed no one else as a successor trustee, the Trust did not designate anyone to appoint an individual as a successor trustee, and there was no one appointed by unanimous agreement of the qualified beneficiaries.

{¶3}     Judge Campbell of the Carroll County Probate Court appointed a first successor trustee to the Trust on September 14, 2016, and that trustee resigned in 2017. Beverly moved the probate court to appoint a second successor trustee under R.C. 5807.04 for the same reasons as appointing the first successor trustee.   The court appointed Attorney Sean Smith as Second Successor Trustee on February 7, 2017.

Case No. 21 CA 0949

{¶4}    A dispute arose between the Trust, Martin and Beverly, and neighbors Bory and Lawless, over a portion of the driveway of the Trust property.  Appellees Bory and Lawless filed a complaint in the General Division of the Carroll County Common Pleas Court requesting a declaratory judgment as to property ownership, and they alleged claims of trespass, nuisance, and assault. The Trust, Beverly, and Martin, filed answers, and the Trust counterclaimed for declaratory judgment and to quiet title based on adverse possession.  Appellees Bory and Lawless eventually dismissed the nuisance and assault claims.

{¶5}    In partially granting appellees Bory and Lawless' motion for summary judgment, the General Division found that the section of the Roudebush driveway disputed between the parties was located within the metes and bounds of the Bory property.  The court did not decide the adverse possession and trespass claims.

{¶6}    Prior to trial on the remaining claims, Second Successor Trustee Smith entered into a settlement agreement with appellees Bory and Lawless to resolve the case. The probate court approved the settlement over the objections of Beverly, Martin and the other qualified beneficiaries.  They appealed the decision to this Court in Case Number 2018CA929, and we reversed and remanded the case to the trial court, finding that the settlement was not beneficial to the beneficiaries.

{¶7}    After the remand and before trial, Second Successor Trustee Smith entered into a second settlement agreement with appellees Bory and Lawless.  Again, Beverly, Martin, and the other qualified beneficiaries objected to the settlement, asserting that the settlement agreement did not benefit them.  On January 6, 2020, Second Successor Trustee Smith wrote a letter to Beverly and Martin explaining that the attorney who represented him as Second Successor Trustee and the beneficiaries to the Trust had to withdraw from representing him due to a conflict of interest. He indicated that as a result, he retained Attorney Kathleen Stoneman to represent the Trust, and her retainer was $3,500.00. He stated that under the Trust's terms, he could assess the costs to the beneficiaries and he formally demanded $3,500.00 to pay the retainer.  Martin and Beverly, as beneficiaries to the Trust, thereafter retained Attorney Cheshire to represent them.

**{¶8}** The probate court approved the second settlement on November 13, 2020 after holding a hearing and determining that Second Successor Trustee Smith had authority to settle the lawsuit because continuing to litigate it would risk the Trust becoming insolvent and risk other beneficiaries losing the benefiting interest in the Trust. This approval is the subject of an appeal currently pending before this Court in Case Number 2021CA948.

**{¶9}** On December 11, 2020, Second Successor Trustee Smith resigned as trustee after he was elected to replace Judge Campbell as judge of the Carroll County Common Pleas Court Juvenile and Probate Division. On December 14, 2020, he filed a notice of resignation and motion for the court to appoint a successor trustee. Consequently, Beverly and the qualified beneficiaries of the Trust (Martin, Gary, Richard, and Ronald Roudebush) selected Martin to fill the trustee vacancy and become the Third Successor Trustee. They filed a Notice of Appointment of Successor Trustee by Unanimous Consent with the court on January 14, 2021.

**{¶10}** Beverly and Martin, as beneficiaries, filed a motion to strike or dismiss the motion for the court to appoint a successor trustee. They asserted that Attorney Smith's resignation became effective immediately and he therefore had no authority to move the court to appoint a successor trustee. They also noted that R.C. 5807.04 set forth the proper procedure for filling the trustee vacancy, and they and the other qualified beneficiaries were in the process of unanimously appointing a successor trustee. They explained that they would be filing a written Agreement of Unanimous Successor Appointment once all of the necessary parties signed the document.

**{¶11}** Appellees Bory and Lawless filed a brief in opposition to Beverly and Martin's motion to strike or dismiss. They asserted that the court should appoint a successor trustee under R.C. 5807.04(E), which allows the court to appoint an additional trustee or special fiduciary, when necessary, for the administration of the Trust. They requested that the court appoint the new trustee because Beverly, Martin and the other qualified beneficiaries were on a "crusade to needlessly continue litigating a minor dispute related to a small portion of driveway" and they would appoint a trustee who would execute their wishes without question.

**{¶12}** On January 14, 2021, Beverly, Martin, and the other qualified beneficiaries, through Attorney Cheshire, field a Notice of Appointment of Successor Trustee by Unanimous Consent Pursuant to R.C. 5807.04. The Notice included the appointment agreement of Martin, the approval signatures of the beneficiaries, and an affidavit identifying the qualified beneficiaries of the Trust. Appellees Bory and Lawless filed a brief requesting that the court appoint an additional trustee because Martin had a conflict of interest as he opposed the second settlement in the underlying civil case, hated the neighbors, and vowed to continue litigation if the case did not go his way.

**{¶13}** On February 8, 2021, the probate court (Judge Campbell) issued a judgment entry indicating the following:

> This case came for hearing before the court on the 4th day of February, 2021. Present for the hearing were Martin and Beverly Roudebush represented by Attorney Sandra K. Cheshire.
>
> The court finds that a Successor Trustee be appointed and appoints Martin Roudebush as Trustee.
>
> The court finds that the trustee shall represent the interest of the trust and not his own personal interest.
>
> The settlement reached in this case is the position the trustee shall represent.
>
> The trustee shall make arrangements to pay Attorney Kathleen Allmon Stoneman's bill.
>
> The trustee shall retain separate counsel for the trust as his personal attorney has a conflict of interest.

It is this judgment entry from which Appellant Martin appeals.

**{¶14}** Appellant groups his first, second, and third assignments of error together. They assert the following:

Case No. 21 CA 0949

**FIRST ASSIGNMENT OF ERROR**

The trial court patently and unambiguously lacked authority to hold a hearing to appoint a Successor Trustee for the Jay F. Roudebush and Beverly J. Roudebush Trust.

**SECOND ASSIGNMENT OF ERROR**

The trial court patently and unambiguously lacked authority to hold a hearing for the purpose of informing Appellant of his duties as a Trustee.

**THIRD ASSIGNMENT OF ERROR**

The trial court patently and unambiguously lacked authority to appoint a Successor Trustee for the Jay F. Roudebush and Beverly J. Roudebush Trust.

{¶15}  Appellant asserts in each assignment of error that the probate court lacked "authority."  However, he actually argues that the probate court lacked subject matter jurisdiction to hold a hearing to appoint him and inform him of his duties as third successor trustee, and to actually appoint him as third successor trustee. He submits that the court had no power to perform these acts because Beverly and the qualified beneficiaries unanimously consented to appoint him to fill the vacancy and become the third successor trustee. Appellant cites R.C. 5807.04(C), which provides the order in which a trusteeship vacancy must be filled after a trustee resigns.  He points out that under the statute, the first order of priority is that the vacancy must be filled by a person designated in the trust to act as successor trustee.  He notes that the Trust did not designate a successor trustee. Appellant cites the second order of priority is that the successor trustee should be a person appointed by someone designated in the trust to appoint the successor trustee. Appellant notes that that the Trust did not designate anyone to appoint a successor trustee.

{¶16}  Appellant asserts that his appointment meets the third order of priority under R.C. 5807.04(C)(3). That section provides that a trustee may be appointed to fill a

vacancy by unanimous agreement of the qualified beneficiaries. Appellant asserts that Beverly and the qualified beneficiaries unanimously agreed that he should fill the vacancy. He further notes that the last order of priority to fill the vacancy under R.C. 5807.04(C)(4) is a person who is appointed by the court. Appellant argues that since the unanimous consent of the beneficiaries applied in this case, which precedes the court appointment of a trustee, the court was precluded from appointing anyone as trustee. He concludes that the court lacked subject matter jurisdiction to hold a hearing to appoint him as third successor trustee and to inform him of his duties.

{¶17} Appellees Beverly and Martin agree, and add that the probate court's intervention in the administration of the Trust is limited because R.C. 5802.01 restricts the court's intervention "to the extent its jurisdiction is invoked by an interested party or as provided by law." They reason that since neither the beneficiaries nor any interested party objected to the appointment of Martin as Third Successor Trustee or requested any other action, the probate court lacked subject matter jurisdiction to proceed on any issue relating to the Trust.

{¶18} Appellees Bory and Lawless assert that appellant improperly defines the probate court's authority and its actions. They contend that the court did not interfere with the appointment of appellant as Third Successor Trustee because, after receiving notice of the beneficiaries' appointment, the court scheduled a hearing and ordered appellant to appear under R.C. 2101.24, which outlines the court's jurisdiction.

{¶19} Subject-matter jurisdiction in a particular case is a question of law, which is reviewed de novo. *Matter of Estate of Harries*, 7th Dist. Belmont No. 17 BE 53, 2018-Ohio-3725, ¶ 14, citing *In re Estate of Boone*, 7th Dist. Mahoning No. 09-MA-182, 2010-Ohio-6269, ¶ 34, quoting *Internatl. Lottery, Inc. v. Kero*uac, 102 Ohio App.3d 660, 670, 657 N.E.2d 820 (1st Dist. 1995). A de novo review requires that this Court independently consider the trial court's judgment without any deference to the trial court's determination. *In re J.R.P.,* 2018-Ohio-3938, 120 N.E.3d 83, ¶ 24 (7th Dist.), citing *Matasy v. Youngstown Ohio Hosp. Co.*, 2017-Ohio-7159, 95 N.E.3d 744, ¶ 17 (7th Dist.), citing *Mayhew v. Massey*, 2017-Ohio-1016, 86 N.E.3d 758, ¶ 12 (7th Dist.).

{¶20} R.C. 2101.24 sets forth the exclusive jurisdiction of Ohio probate courts. R.C. 2101.24(A)(1)(h) provides in relevant part that:

(A)(1) Except as otherwise provided by law, the probate court has exclusive jurisdiction:

(h) To qualify assignees, appoint and qualify trustees and commissioners of insolvents, control their conduct, and settle their accounts.

{¶21} Probate courts have concurrent jurisdiction with the general division of the court of common pleas "* * * to issue writs and orders, and to hear and determine actions" involving an inter vivos trust. R.C. 2101.24(B)(1)(b). Probate courts additionally have "plenary power at law and in equity to dispose fully of any matter that is properly before the court, unless the power is expressly otherwise limited or denied by a section of the Revised Code." R.C. 2101.24(C). R.C. 5802.01 provides the following:

(A) A court may intervene in the administration of a trust to the extent its jurisdiction is invoked by an interested person or as provided by law.

(B) An inter vivos trust is not subject to continuing judicial supervision unless ordered by the court. Trusts created pursuant to a section of the Revised Code or a judgment or decree of a court are subject to continuing judicial supervision to the extent provided by the section, judgment, or decree or by court order.

(C) A judicial proceeding involving a trust may relate to any matter involving the trust's administration, including a request for instructions and an action to declare rights.

{¶22} We find that the probate court in this case possessed subject matter jurisdiction over the Trust. Even though the beneficiaries unanimously consented to Martin filling the vacancy and becoming Third Successor Trustee, the court had subject matter jurisdiction under R.C. 2101.24(A)(1)(h) to ensure that appellant was qualified as the trustee and to review with him his duties as Third Successor Trustee. This could

include holding a hearing to qualify Martin, formally appointing him as Third Successor Trustee, and reviewing his duties.

**{¶23}** Whether the court abused its discretion by holding the hearing and issuing its order is a different issue than whether the probate court had subject matter jurisdiction. Although no formal cause of action or action was pending before the probate court by any party, it appears that the court nevertheless had subject matter jurisdiction under R.C. 2101.24(A)(1)(h), concurrent jurisdiction under R.C. 2104.24(B)(1)(b), and plenary power at law and in equity under R.C. 2101.24(C). Moreover, even under R.C. 5802.01(C), it appears that the probate court had jurisdiction as it could hold a hearing on the Trust's administration due to the changing of its trustee.

**{¶24}** Further, in *Galbreath v. del Valle*, 91 Ohio App.3d 829, 834 (10th Dist. 1993)(citing Bogert, Law of Trusts and Trustees (2nd Ed.1992) 237, Sections 277–360), the appellate court held that "[i]n order for the probate court to exercise its subject-matter jurisdiction in a proceeding involving a trust and multistate beneficiaries, the court must have jurisdiction over the trust, the trust property or the trust parties." The probate court in this case has jurisdiction over the Trust, as it was executed in Carroll County, Ohio, filed in Carroll County, and it concerns property located in Carroll County. The probate court also has jurisdiction over Beverly as beneficiary of the Trust who is living on the Carroll County, Ohio property, and over Martin, who lives in Carrollton, Ohio. Some of the other qualified beneficiaries reside in Carroll County as well, and at least one resides out of state.

**{¶25}** Appellant also challenges the probate court's personal jurisdiction over him. He contends that no personal jurisdiction exists because he did not attend the probate court hearing and did not have a representative appear at the hearing.

**{¶26}** R.C. 5802.02 is entitled "Jurisdiction over trustee and beneficiary" and provides in relevant part that:

> (A) By accepting the trusteeship of a trust having its principal place of administration in this state or by moving the principal place of administration to this state, the trustee submits personally to the jurisdiction of the courts of this state regarding any matter involving the trust.

(B) With respect to their interests in the trust, the beneficiaries of a trust having its principal place of administration in this state are subject to the jurisdiction of the courts of this state regarding any matter involving the trust. By accepting a distribution from the trust, the recipient submits personally to the jurisdiction of the courts of this state regarding any matter involving the trust.

**{¶27}** According to the statute, the probate court has personal jurisdiction over appellant as Third Successor Trustee since he accepted the trusteeship of the Trust, which is administered in Carroll County, Ohio and he lives in Carroll County, Ohio. Further, the probate court has personal jurisdiction over appellant as a qualified beneficiary due to his interest in the Trust, which has its principal place of administration in Carroll County, Ohio.

**{¶28}** Accordingly, appellant's first, second, and third assignments of error are without merit and are overruled.

**{¶29}** Appellant's fifth assignment of error asserts the following:

**FIFTH ASSIGNMENT OF ERROR**

**The trial court abused its discretion when it held a hearing without giving Appellant notice and an opportunity to be heard.**

**{¶30}** We shall address appellant's fifth assignment of error first since it concerns the hearing itself, while appellant's fourth, sixth and seventh assignments of error address specific orders emanating from that hearing and alleged bias by the court in its Order.

**{¶31}** With his notice of appeal, appellant's counsel filed a praecipe requesting preparation of the original documents and exhibits, including a complete transcript of the February 4, 2021 hearing. The praecipe contains a signature line for the court reporter preparing the transcript, but in this case, the signature of Dawn Lefore, the probate court clerk, is on the line. She also wrote "[S]ee note below," which states:

The Judgment Entry of February 4, 2021 reflects the Court's orders following a telephone call between the court and Attorney Sandra K.

Cheshire on behalf of Martin and Beverly Roudebush. Appearing personally for the call was Attorney Scott Heasley on behalf of Mr. Bory & Ms. Lawless. Although the court had previously advised Attorney Cheshire by telephone of the hearing to be held on February 4, 2021, the hearing notice inadvertently stated that the hearing was to be March 4, 2021. As a result of this confusion, the matter was simply conducted by telephone in the Judge's chambers with Attorney Heasley present. While the Judgment Entry reflects the orders made by Judge Campbell subsequent to this telephone call, no recording was made of the call, and thus, no transcript can be made. No transcript is available for submission with this appeal.

**{¶32}** Following this note, former Second Successor Trustee and now current probate judge, Judge Smith, sent out an App. R. 9(C) notice indicating that no transcript of the February 4, 2021 hearing was available because the hearing was conducted in chambers without recording equipment. Judge Smith directed the parties that as a result, appellant could prepare a statement of the proceeding from the best means available, including recollection, and serve the statement on appellees, who may serve objections or propose amendments and submit them to the probate court for approval.

**{¶33}** Attorney Cheshire filed a notarized affidavit dated March 17, 2021. She attests that after the filing of notice of unanimous consent by beneficiaries to appellant as Third Successor Trustee, the probate court clerk called her on January 25, 2021 to set up a hearing concerning the appointment of appellant as Third Successor Trustee. Attorney Cheshire states that when she asked why a hearing was necessary, Judge Campbell got on the phone and told her that the purpose of the hearing was to inform appellant Martin of his duties as Third Successor Trustee. Attorney Cheshire attests that Judge Campbell suggested a February 4, 2021 hearing date, but the date was not confirmed because he also informed her that appellant Martin, as Third Successor Trustee, had to retain his own counsel due to her conflict of interest by representing Martin and Beverly as beneficiaries.

**{¶34}** Attorney Cheshire attests that she received no notice that a hearing was scheduled for February 4, 2021. She states that she met with Beverly and Martin in her

Case No. 21 CA 0949

office on February 3, 2021 regarding the appeal of the second settlement agreement. She attests that during that meeting, she checked the probate court docket of the instant case and gave a copy of the docket print-out to Martin. She states that the docket at that time showed a hearing date before the probate court on March 4, 2021 at 9:00 a.m. She attached a copy of that February 3, 2021 docket to her affidavit. It states that the "Next/Most Recent Hearing" was "Date: 03/04/21, Time: 9:00 a.m.," with "Type: HRG ON APPT OF TRUSTEE." She notes that as of 2:13 p.m. on February 3, 2021, the docket showed the March 4, 2021 hearing date.

{¶35} Attorney Cheshire additionally attests that the probate court clerk called her on February 4, 2021 at 9:15 a.m. and demanded to know why she and her clients were not present for the hearing. Attorney Cheshire indicates that she responded that the docket stated that a hearing date of March 4, 2021 at 9:00 a.m. and she was not aware of a February 4, 2021 hearing. Attorney Cheshire attests that the probate clerk put Judge Campbell on the phone and he informed her that the docket currently showed the February 4, 2021 hearing date. She responded that the docket on the day before showed a March 4, 2021 date and the judge told her that the clerk made an error and it had been corrected. He also informed Attorney Cheshire that he wanted to conduct the hearing prior to leaving the bench on February 8, 2021.

{¶36} Attorney Cheshire states in her affidavit that she told Judge Campbell that since he disqualified her from representing Martin as Third Successor Trustee, and the purpose of the hearing was to appoint Martin as Third Successor Trustee, she could not agree to a hearing time until arrangements were made for Martin to have separate counsel. She attests that neither Beverly nor Martin participated in the phone call, Judge Campbell did not represent or state that the February 4, 2021 phone call was a hearing, and he had demanded that a hearing be scheduled before he left the bench on February 8, 2021. Thus, Attorney Cheshire concludes, the indication was that the February 4, 2021 phone call was not a hearing.

{¶37} Attorney Cheshire also attests that the next communication that she received from the court was a copy of the February 8, 2021 judgment entry "falsely" stating that she, Beverly, and Martin were present for a February 4, 2021 hearing.

**{¶38}** Beverly also attaches an affidavit dated March 17, 2021. She attests that the qualified beneficiaries unanimously appointed Martin as successor trustee and they filed the notice with the probate court on January 14, 2021. She states that Martin's acceptance of the position was recorded on February 8, 2021. She states that on January 25, 2021, Attorney Cheshire told her that Judge Campbell had requested a hearing about Martin's trustee appointment and Judge Campbell said that she could not represent Martin in that capacity due to a conflict of interest.

**{¶39}** Beverly further attests that she and Martin were in Attorney Cheshire's office on February 3, 2021 for a meeting about the appeal of the probate court's approval of the second settlement agreement. She states that she saw Attorney Cheshire print out and hand to Martin the docket of the instant case, which showed a March 4, 2021 hearing date. She attests that she was not aware of a February 4, 2021 hearing date, she was not present in probate court on that date, and she did not participate in a telephone call or hearing with Judge Campbell on that date.

**{¶40}** Martin also filed an affidavit dated March 17, 2021. He attests that the qualified beneficiaries unanimously consented to appointing him as Third Successor Trustee and notice was filed with probate court on January 14, 2021. He attests that on January 25, 2021, Attorney Cheshire informed him that Judge Campbell had requested a hearing about his appointment as trustee and told her that she could not represent him in that capacity due to a conflict of interest. He states that he and Beverly were at Attorney Cheshire's office on February 3, 2021 for a meeting about the appeal of the probate court's approval of the second settlement agreement. He attests that at that meeting, Attorney Cheshire checked the online docket in this case, printed a copy of it, and gave it to him. He states that the docket showed a hearing scheduled for March 4, 2021 at 9:00 a.m. Martin states that he retained counsel for his successor trustee role the following weekend. He attests that he was not present in probate court on February 4, 2021, and he did not participate in a telephonic hearing or call with Judge Campbell on February 4, 2021.

**{¶41}** On behalf of appellees Bory and Lawless, Attorney Heasley filed an affidavit stating that in late January 2021, his office received notice that Judge Campbell intended to schedule a hearing about the appointment of Martin as Third Successor

Trustee. He states that when he reviewed the entry scheduling the hearing, he noticed that it said that it was scheduled for March 4, 2021, which would have been after Judge Campbell left office. Attorney Heasley states that after the posting of the docket entry, his office received at least two calls from probate court staff confirming that the hearing would be held on "February 4, 2020"[sic—2021] and not on March 4, 2021. He states that he and his clients appeared for the February 4, 2021 hearing, but neither Martin nor his counsel appeared.

{¶42} In his fifth assignment of error, appellant asserts that the court abused its discretion when it denied him notice of a hearing and an opportunity to be heard. He submits that the probate court's February 8, 2021 judgment entry falsely states that he, Attorney Cheshire, and Beverly were present at a February 4, 2021 hearing. He quotes part of the probate court's February 8, 2021 judgment entry stating that:

> This cause came before the court on the 4th day of February 2021. Present for the hearing were Martin and Beverly Roudebush represented by Attorney Sandra K. Cheshire.

{¶43} Appellant asserts that a fundamental tenet of due process is notice and the opportunity to be heard. He contends that he did not receive due process when the court proceeded to conduct a hearing without him or his counsel and then issued an order emanating from that hearing. Citing *Farm Supply Center v. Pelanda*, 5th Dist. Muskingham No. CT2020-0039, 2021-Ohio-741, ¶ 20 (citing *State v. Hayden*, 96 Ohio St.3d 211, 773 N.E.2d 502 (2002), *Shell v. Shell*, 5th Dist. Stark No. 2010CA00026, 2010-Ohio-5813, citing *Matthew v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893 (1976)), appellant asserts that a fundamental basis of due process is notice and an opportunity to be heard and he was denied due process.

{¶44} Appellees Beverly and Martin cite their affidavits and that of Attorney Cheshire to show that none of them received notice of or attended a February 4, 2021 hearing. They assert that Judge Campbell's phone call did not constitute sufficient notice of a scheduled hearing. They submit that hearing notices are usually mailed and an entry on the court's docket is made. They question why the February 8, 2021 judgment entry stated that they were all present, rather than indicating that Attorney Cheshire was

Case No. 21 CA 0949

present by phone, Attorney Heasley was present in court, and Beverly and Martin were not present.

**{¶45}** Appellees Bory and Lawless state that appellant Martin was afforded notice of the hearing by notice given to Attorney Cheshire. They note that they received notice and were present on February 4, 2021 for the hearing. They submit that the court went above and beyond due process requirements by calling Attorney Cheshire to give her the opportunity to appear by phone or attend the hearing in person.

**{¶46}** "At a minimum, due process of law requires notice and opportunity for a hearing, that is, an opportunity to be heard." *Shell v. Shell*, 5th Dist. Stark No. 2010CA00026, 2010–Ohio–5813, ¶ 24, citing *Mathews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). In the due process context, reasonable notice means "notice reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *PHH Mtge. Corp. v. Prater*, 133 Ohio St.3d 91, 2012–Ohio–3931, ¶ 9, quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

**{¶47}** No one in the instant case disputes the requirements of due process or that notice of the probate court hearing was required. And while a court has wide discretion to determine the type of hearing to have, whether formal with witnesses, or merely requesting the submissions of briefs by a certain date, due process must still be afforded. *Ulinski v. Byers*, 9th Dist. Summit No. 27267, 2015-Ohio-282, ¶ 18, quoting *In re Estate of Howard*, 9th Dist. Lorain No. 05CA008730, 2006–Ohio–2176, ¶ 16 (quoting *Wilson v. Alside, Inc.*, 9th Dist. Summit No. 11667, 1985 WL 10679, *1 (Apr. 10, 1985).

**{¶48}** Based upon the affidavits of Beverly and Martin, we find it reasonable to conclude that they did not receive notice of a February 4, 2021 hearing and they did not attend a hearing, either in person or by telephone.

**{¶49}** The issue is then whether Attorney Cheshire, as counsel for Beverly and Martin, received notice and whether her receipt of notice would be imputed to them. Attorney Cheshire attests in her affidavit that she received no hearing notice from the court about a February 4, 2021 hearing date. She notes that the probate court clerk called her on January 25, 2021 to schedule a hearing "to appoint a successor trustee" and when she asked why a hearing was necessary since all beneficiaries unanimously consented

to Martin as Third Successor Trustee, the clerk put Judge Campbell on the phone. Attorney Cheshire indicates that Judge Campbell told her the purpose of the hearing and that Martin had to secure other counsel because she could not represent Martin as beneficiary and as Third Successor Trustee. She relates that Judge Campbell told her that Martin could appear for the hearing unrepresented. She attests that Judge Campbell "suggested" a date of February 4, 2021 for the hearing, but she received no notice of hearing, and upon checking the online court docket on February 3, 2021 at 2:13 p.m., she saw that the hearing was scheduled for March 4, 2021.

{¶50} This corresponds to the note entered by the probate court clerk for the App.R. 9 statement in which she states that although Judge Campbell advised Attorney Cheshire of the hearing for February 4, 2021, the hearing was mistakenly scheduled for March 4, 2021 on the docket. The clerk further indicated that a telephone call took place on February 4, 2021 rather than a hearing, and counsel for appellees Bory and Lawless appeared in person, and Attorney Cheshire appeared by telephone.

{¶51} Further, although Attorney Heasley attested that at least two phone calls were made to his office concerning the hearing date, the probate court clerk does not indicate in her App.R. 9 note that she called Attorney Cheshire. She merely states that the probate court previously advised Attorney Cheshire of the February 4, 2021 date. We infer this as referring to the telephone call between Judge Campbell and Attorney Cheshire on January 25, 2021. Attorney Cheshire, however, indicated that she interpreted Judge Campbell's February 4, 2021 date for a hearing as a suggested date because he also told her during that call that she could no longer represent Martin as Third Successor Trustee but he could go unrepresented at the hearing. She attests that she informed the judge that she could not schedule a date for the hearing until Martin secured separate counsel. Appellant asserts that this establishes that the February 4, 2021 telephone call was not a hearing since Martin was required to secure separate counsel, Attorney Heasley could not represent him, and Judge Campbell told her that he wanted a hearing before he left the bench. We find that this at a minimum shows confusion or at least a misunderstanding of the date of the hearing.

{¶52} Accordingly, we find that the facts, affidavits and App. R. 9 statement show that notice was not properly afforded. Attorney Cheshire checked the online docket with

Case No. 21 CA 0949

reasonable diligence up until the day before February 4, 2021 and the telephone call with the court did not constitute reasonable notice. Further, Martin was absent from a hearing in which he was to be appointed as Third Successor Trustee and informed of his duties in that regard. Beverly and the qualified beneficiaries of the Trust received no notice of a proceeding relating to appointing Martin and informing him of his duties.

{¶53} Accordingly, appellant's fifth assignment of error is with merit and is sustained.

{¶54} In his remaining assignments of error, appellant asserts the following:

## FOURTH ASSIGNMENT OF ERROR

**The trial court patently and unambiguously lacked jurisdiction to order Appellant to take a specific position vis-à-vis the settlement reached.**

## SIXTH ASSIGNMENT OF ERROR

**The trial court abused its discretion when it ordered Appellant to "make arrangements to pay Attorney Allmon Stoneman's bill."**

## SEVENTH ASSIGNMENT OF ERROR

**The trial court abused its discretion when it acted in a manner which severely prejudices Appellant.**

{¶55} In his fourth assignment of error, appellant asserts that the probate court had no statutory or constitutional authority to order that "[t]he settlement reached in the case is the position the trustee shall represent."

{¶56} In his sixth assignment of error, appellant contends that the failure to afford him due process negates the court's authority to order him to pay Attorney Allmon Stoneman's fee bill. He asserts that the court abused its discretion by issuing an order emanating from a "hearing" that denied him due process and by ordering him to pay the fee bill when the "hearing" was limited to informing him of his duties as trustee.

Case No. 21 CA 0949

**{¶57}**   In his seventh assignment of error, appellant asserts that the probate court judge had ex parte communications with Attorney Cheshire and falsely stated in his February 8, 2021 judgement entry that she, Beverly, and Martin were present at a February 4, 2021 hearing.   He contends that this impacted the outcome of the case because the court stated a fact that was not true and had no recording of the phone call or alleged hearing.   Appellant also indicates that former Judge Campbell showed bias toward his successor, former trustee and now probate court judge, Judge Smith, by ordering appellant to take the position of former trustee Smith regarding the second settlement when the beneficiaries are opposed to the settlement. Appellant acknowledges that we have no jurisdiction to disqualify a judge, much less one who is retired.   However, he cites to *State v. Loudermilk*, 2017-Ohio7378, 96 N.E.3d 1037 (1st Dist.) to assert that we have authority to consider "when a judge's conduct in overseeing a case prevents a party from receiving a fair trial."   Appellant also contends that the lack of recording of the phone call/hearing further supports a finding that it was not a hearing at all.

**{¶58}**   Based upon our finding of merit as to appellant's fifth assignment of error due to lack of proper notice, we find appellant's fourth, sixth, and seventh assignments of error to be moot.

**{¶59}**   Based upon the foregoing, assignments of error 1, 2, and 3 are without merit and are overruled.   Appellant's fifth assignment of error is with merit and is sustained.   The judgment of the Carroll County Probate Court is hereby reversed and vacated and this case is remanded to the trial court to afford proper notice to the proper parties, participants, and counsel.   Appellant's fourth, sixth, and seventh assignments of error are hereby rendered moot.


Waite, J., concurs.

D'Apolito, J., concurs.

---

For the reasons stated in the Opinion rendered herein, assignments of error 1, 2, and 3 are overruled and are without merit. Appellant's fifth assignment of error is with merit and is sustained. The judgment of the Carroll County Probate Court is hereby reversed and vacated and this case is remanded to the trial court in order to afford proper notice of hearing to the proper parties, participants, and counsel. Appellant's fourth, sixth, and seventh assignments of error are hereby rendered moot.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**