[Cite as *In re Baughman Irrevocable Trust*, 2025-Ohio-1892.]

# IN THE COURT OF APPEALS OF OHIO
# THIRD APPELLATE DISTRICT
# PAULDING COUNTY

IN RE:

CASE NO. 11-24-07

BAUGHMAN IRREVOCABLE TRUST

[GENE BAUGHMAN, ET AL. -
APPELLANTS]

OPINION AND
JUDGMENT ENTRY

**Appeal from Paulding County Common Pleas Court
Probate Division
Trial Court No. 20244001**

**Judgment Affirmed**

**Date of Decision:  May 27, 2025**

APPEARANCES:

*Zachary J. Murry* **for Appellants**

*Marc J. Kessler* **for Appellee**

**WILLAMOWSKI, J.**

{**¶1**} Petitioners-appellants Gene Baughman ("Gene"), Mary Ann Baughman ("Mary Ann"), and Eric Baughman ("Eric"), individually and as trustee of the Eric Baughman Trust (collectively "appellants") appeal the judgment of the Probate Division of the Paulding County Court of Common Pleas ("Paulding Probate Court"), arguing that the trial court erred in dismissing their petition to terminate the Baughman Irrevocable Trust ("BIT") pursuant to the jurisdictional priority rule. For the reasons set forth below, the judgment of the trial court is affirmed.

*Facts and Procedural History*

{**¶2**} Gene and his wife, Mary Ann, have two sons named Eric and Bradley Baughman ("Bradley"). Gene participated in the operation of a family-owned business called the Baughman Tile Company ("Baughman Tile"). On December 6, 2010, Gene signed an agreement that created the BIT. This agreement listed Gene as the grantor; Mary Ann as the trustee; and their two sons as the beneficiaries. Gene then assigned 280 Class B Membership Units in Baughman Tile to the BIT in exchange for a series of payments that would total $3,073,280.00.

{**¶3**} In 2016, Gene, Mary Ann, Eric, and Bradley signed an operating agreement that formed Baughman Capital, LLC, ("Baughman Capital"). This entity was a "holding company for the [Baughman] family's various businesses,"

including Baughman Tile. (Doc. 8, Ex. A). The operating agreement for Baughman Capital included a forum selection clause that listed Fulton County as the proper venue for litigating disputes.

{¶4} Bradley alleged that, after this business restructuring, the 280 Class B Membership Units held by the BIT represented a 68.3% ownership interest in Baughman Capital. Bradley also alleged that he was the trustee of a revocable trust that held a 15% interest in Baughman Capital while Gene was the trustee of a revocable trust that held a 1.7% interest in the business.

{¶5} On February 14, 2023, Bradley filed a complaint in the General Division of the Fulton County Court of Common Pleas ("Fulton Court"), naming Gene, Mary Ann, and Eric as defendants. Mary Ann was also sued in her capacity as trustee of the BIT. Bradley alleged that $22 million in distributions to the BIT were "unaccounted for and illicitly taken for personal use" and that Baughman Capital retained $15 million that should have been distributed to the BIT. (Doc. 8, Ex. A).

{¶6} Three of the eleven claims in the complaint addressed the BIT. In these three claims, Bradley alleged breach of trust and breach of contract claims in addition to requesting an accounting of the BIT. Gene, Mary Ann, and Eric filed an answer on April 17, 2024 raised nine counterclaims, including one that requested a judicial termination of the BIT.

{¶7} On April 26, 2024, Gene, Mary Ann, and Eric filed a motion to dismiss in the Fulton Court, arguing that it did not have subject matter jurisdiction over the claims related to the BIT. In its judgment entry, the Fulton Court rejected this argument, stating the following:

> (1) pursuant to the terms of R.C. 2101.24(B)(1)(b), this Court has subject matter jurisdiction over claims that involve an inter vivos trust; (2) the Court has jurisdiction over the Baughman Irrevocable Trust . . . since the Trust has agreed, in Baughman Capital's Operating Agreement, to submit itself to the jurisdiction of this Court; and (3) all parties to the B.I.T. are properly before this Court.

(Doc. 20, Ex. 1). The Fulton Court then denied the motion to dismiss the claims that were related to the BIT in Bradley's complaint.

{¶8} On April 26, 2024, Gene, Mary Ann, and Eric also filed a motion in the Fulton Court that voluntarily dismissed their request for the judicial termination of the BIT. On April 29, 2024, Gene, Mary Ann, and Eric then filed a petition in the Paulding Probate Court that requested a judicial termination of the BIT and that named Bradley as the respondent. In a subsequent filing, the petitioners argued that the BIT was "void as a matter of law." (Doc. 14).

{¶9} In response, Bradley filed a motion to dismiss. He argued that the petition sought to terminate a trust that was already the subject matter of an action in the Fulton Court and raised issues that could interfere with the resolution of the matters in that other case. Since the jurisdiction of the Fulton Court had already been invoked by both parties to decide matters related to the BIT, Bradley argued

-4-

that, under the jurisdictional priority rule, the Paulding Probate Court could not exercise jurisdiction over an action to terminate the BIT.

{¶10} On September 17, 2024, the trial court issued a judgment entry that noted the BIT was "tightly (perhaps intractably) interwoven with Baughman Capital's financial affairs" and "that both matters make requests for relief involving the [BIT]." (Doc. 25). The trial court found that the BIT "came under the jurisdiction of the Fulton County Court first, and therefore should remain there for disposition of all matters relating to the Trust." (Doc. 25). Applying the jurisdictional priority rule, the trial court then granted Bradley's motion to dismiss.

*Assignment of Error*

{¶11} Appellants filed their notice of appeal on October 10, 2024. Doc. 26. On appeal, they raises the following assignment of error:

> **The trial court committed reversible error in dismissing Appellants' Petition for Judicial Termination of Baughman Irrevocable Trust (u/a/d December 6, 2012) for want of jurisdiction.**

The appellants argue that the trial court misapplied the jurisdictional priority rule and erred in granting Bradley's motion to dismiss.

*Legal Standard*

{¶12} "When a court of competent jurisdiction acquires jurisdiction of the subject matter of an action, its authority continues until the matter is completely and finally disposed of, and no court of co-ordinate jurisdiction is at liberty to interfere

with its proceedings." *John Weenink & Sons Co. v. Court of Common Pleas of Cuyahoga Cty.*, 150 Ohio St. 349 (1948), paragraph three of the syllabus. "The jurisdictional-priority rule provides that as between state courts of concurrent jurisdiction, the tribunal whose power is first invoked acquires exclusive jurisdiction to adjudicate the whole issue and settle the rights of the parties." *State ex rel. Consortium for Economic & Community Dev. for Hough Ward 7 v. Russo*, 2017-Ohio-8133, ¶ 8.

{¶13} "In general, the jurisdictional priority rule applies when the causes of action are the same in both cases, and if the first case does not involve the same cause of action or the same parties as the second case, the first case will not prevent the second." *State ex rel. Shimko v. McMonagle*, 92 Ohio St.3d 426, 429 (2001). However, "the jurisdictional-priority rule can apply even when the causes of action and relief requested are not exactly the same, as long as the actions present part of the same 'whole issue.'" *State ex rel. Maron v. Corrigan*, 2023-Ohio-2556, ¶ 11, quoting *State ex rel. Dunlap v. Sarko*, 2013-Ohio-67, ¶ 11.

{¶14} This "whole-issue exception" applies "only in the narrow circumstances in which the two cases raise the exact same legal claim or involve resolution of the same issue." *Corrigan* at ¶ 12, quoting *State ex rel. Tri Eagle Fuels, L.L.C. v. Dawson*, 2019-Ohio-2011, ¶ 9.

> "Actions comprise part of the 'whole issue' when: (1) there are cases pending in two different courts of concurrent jurisdiction involving substantially the same parties; and (2) the 'ruling of the court

subsequently acquiring jurisdiction may affect or interfere with the resolution of the issues before the court where the suit originally commenced.'"

*Hughes v. Hughes*, 2020-Ohio-5026, ¶ 13 (10th Dist.), quoting *Instant Win, Ltd. v. Summit Cty. Sheriff*, 2002-Ohio-1633, ¶ 6 (9th Dist.), quoting *Michaels Bldg. Co. v. Cardinal Fed. S. & L. Bank*, 54 Ohio App.3d 180, 183 (8th Dist. 1988).

{¶15} "Concurrent jurisdiction 'exists when several different courts or tribunals are authorized to deal with the same subject matter.'" *Bellar v. Clary Trucking*, 2025-Ohio-932, ¶ 16 (5th Dist.), quoting *Adams Robinson Enterprises v. Envirologix Corp.*, 111 Ohio App.3d 426, 429 (2d Dist. 1996). In turn, "[s]ubject-matter jurisdiction refers to the constitutional or statutory power of a court to adjudicate a particular class or type of case . . . ." *Ostanek v. Ostanek*, 2021-Ohio-2319, ¶ 21, quoting *Corder v. Ohio Edison Co.*, 2020-Ohio-5220, ¶ 14.

{¶16} If the jurisdictional priority rule is applicable, "the judge in the second case definitively and unambiguously lacks jurisdiction by operation of this rule." *Campbell v. Donald A. Campbell 2001 Trust*, 2021-Ohio-1731, ¶ 23 (8th Dist.). For this reason, "the court whose power was last invoked should dismiss the claims . . . ." *Holmes Cty. Bd. of Commrs. v. McDowell*, 2006-Ohio-5017, ¶ 27 (5th Dist.).

*Standard of Review*

{¶17} On appeal, a reviewing court examines whether the jurisdictional priority rule is applicable under a de novo standard. *Master Nails, Inc. v. Master Nails Lana, LLC*, 2024-Ohio-1694, ¶ 18 (8th Dist.). Under this standard, appellate

courts do not give deference to the trial court's determination and independently examine the record. *Lind Media Company v. Marion Township Board of Zoning Appeals*, 2022-Ohio-1361, ¶ 23 (3d Dist.).

*Legal Analysis*

**{¶18}** The appellants raise two main arguments against the trial court's application of the jurisdictional priority rule in this case. In their first argument, they assert that the Fulton Court, as the general division of a common pleas court, "does not have subject matter jurisdiction" to consider the issues related to the BIT and that, of these two tribunals, the Paulding Probate Court is the "sole forum having subject matter jurisdiction" to decide the issues raised in the petition. (Appellants' Brief, 16). Based on this assertion, they argue that Paulding Probate Court and the Fulton Court are not tribunals with concurrent jurisdiction.

**{¶19}** While R.C. 2101.24(A)(1) gives probate courts exclusive jurisdiction over certain matters involving testamentary trusts, Bradley points out that the BIT is an inter vivos trust. R.C. 2101.24(B)(1)(b) expressly grants probate courts and the general divisions of common pleas courts concurrent jurisdiction "to hear and determine any action that involves an inter vivos trust." *Campbell*, 2021-Ohio-1731, ¶ 19. *See also Matter of Roudebush Trust*, 2021-Ohio-4557, ¶ 21 (7th Dist.); *White v. White*, 2021-Ohio-3488, ¶ 15 (11th Dist.). Since the Fulton Court and the Paulding Probate Court each have the power to adjudicate this type of case, these

two tribunals qualify as courts of concurrent jurisdiction in this situation. Accordingly, the appellants' first argument is without merit.

{¶20} Second, the appellants argue that the issues in the petition have "no impact" on the claims raised by Bradley in the Fulton Court and that the whole-issue exception is not, therefore, applicable herein. (Appellants' Brief, 17). In their petition, the appellants sought an order terminating the BIT. As one basis for this request, the appellants alleged that "[t]he creation of the [BIT] . . . [was] a product of . . . [Bradley]'s fraudulent misrepresentation and conspiracy." (Doc. 1). They later asserted that the Baughman Trust Agreement "does not, and indeed, never did, accurately reflect the intent of its creator." (Doc. 22).

{¶21} As another basis for this request, the appellants alleged that "misconduct . . . suffered by the petitioners in this matter . . . at the hands of Bradley constitute[d] a change of circumstances" that justified the termination of the BIT. (Doc. 1).[1] In a related allegation, the appellants averred that the "[d]iscovery of the fraud, conspiracy, and scheme, was made in concert with the breaches of fiduciary duty and other tortious misconduct that are the subject of proceedings" in other jurisdictions, including the Fulton Court. (Doc. 1). Based on these allegations, the appellants ultimately argued that the BIT is "void as a matter of law." (Doc. 14).

---

[1] Bradley submitted a copy of the answer that the appellants filed with the Fulton Court. This answer alleged that "the creation of the [Baughman] Trust is a product of . . . [Bradley]'s fraudulent misrepresentations and conspiracy." (Doc. 8, Ex. C). This answer also alleged that "misconduct and damages suffered by the . . . [appellants] in this matter . . . at the hands of Bradley constitute[s] a change of circumstances." *Id.*

{¶22} Attached to Bradley's motion to dismiss was a copy of the complaint that he had previously filed in the Fulton Court. This complaint alleged that "[t]he [Baughman] Trust Agreement is a valid contract." (Doc. 8, Ex. A). Based on this allegation, he averred that the appellants had failed to comply with various obligations established in the Baughman Trust Agreement. His complaint then raised several claims related to the BIT and Mary Ann's conduct as trustee.

{¶23} Bradley also points out on appeal that the petition filed by the appellants tacitly acknowledges that the alleged misconduct that is put forward as a change in circumstances is already "the subject of proceedings" in the Fulton Court. (Doc. 1). He asserts that the question of whether these identified actions do, in fact, constitute misconduct is central to the disputes before the Fulton Court and that a determination on the petition in the Paulding Probate Court could produce inconsistent rulings.

{¶24} The materials in the record make clear that the petition in the Paulding Probate Court challenges the validity of the Baughman Trust Agreement while several matters in Bradley's complaint in the Fulton Court rest on the validity of this same agreement. The trial court correctly concluded that a ruling as to whether the BIT should exist from the Paulding Probate Court could affect or interfere with the claims related to the BIT that were already before the Fulton Court. Thus, the appellants' second argument is without merit.

**{¶25}** In summary, the Fulton Court and the Paulding Probate Court are tribunals with concurrent jurisdiction in this situation. Further, determinations from the Paulding Probate Court as to whether the Baughman Trust Agreement is valid or whether the BIT should be terminated could affect or interfere with the resolution of the issues before the Fulton Court. For these reasons, the whole-issue exception is applicable in this case. Thus, the trial court did not err in concluding that the Fulton Court has exclusive jurisdiction over this matter pursuant to the jurisdictional priority rule. Accordingly, the sole assignment of error is overruled.

*Conclusion*

**{¶26}** Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgment of the Probate Division of the Paulding County Court of Common Pleas is affirmed.

***Judgment Affirmed***

**ZIMMERMAN and MILLER, J.J., concur.**

# **JUDGMENT ENTRY**

For the reasons stated in the opinion of this Court, the assignment of error is overruled and it is the judgment and order of this Court that the judgment of the trial court is affirmed with costs assessed to Appellants for which judgment is hereby rendered. The cause is hereby remanded to the trial court for execution of the judgment for costs.

It is further ordered that the Clerk of this Court certify a copy of this Court's judgment entry and opinion to the trial court as the mandate prescribed by App.R. 27; and serve a copy of this Court's judgment entry and opinion on each party to the proceedings and note the date of service in the docket. See App.R. 30.

John R. Willamowski, Judge

William R. Zimmerman, Judge

Mark C. Miller, Judge

DATED:
/hls