[Cite as *Vondrasek v. Heiss*, 2024-Ohio-3061.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## GEAUGA COUNTY

| | |
|---|---|
| FREDERICK C. VONDRASEK, | **CASE NO. 2024-G-0012** |
| Plaintiff-Appellant, | |
| - vs - | Civil Appeal from the Court of Common Pleas |
| MICHAEL W. HEISS, et al., | |
| Defendants-Appellees. | Trial Court No. 2023 P 000288 |

**O P I N I O N**

Decided: August 12, 2024
Judgment: Affirmed

*Daniel A. McGowan,* 700 West St. Clair Avenue, Suite 400, Cleveland, OH 44113, and *Mark Dvorak*, Abdallah & Dvorak, LLC, 9723 Ravenna Road, Twinsburg, OH 44087 (For Plaintiff-Appellant).

*Ezio Listati, Matthew D. Wheelock*, and *Christopher R. Elko*, Thrasher, Dinsmore & Dolan, 1282 West 58th Street, Cleveland, OH 44102 (For Appellee Michael Heiss).

*Jessica S. Forrest, Taylor Smoske, Brianna M. Prislipsky,* Reminger Co., LPA, 200 Public Square, Suite 1200, Cleveland, OH 44114 and *Robert Ohly*, 15985 East High Street, No. 207, P.O. Box 1236, Middlefield, OH 44062 (For Appellee Lisa Swango).

JOHN J. EKLUND, J.

{¶1} Evelyn Heiss died on September 24, 2022. Three children survived her: Appellant Frederick Vondrasek (Frederick), Michael Heiss (Michael), and Lisa Swango (Lisa). Evelyn's husband, Roger, had died about five years before she did.

{¶2} Frederick filed a complaint against Michael and Lisa in the Geauga County Court of Common Pleas, General Division, on May 15, 2023, claiming they had

intentionally interfered with his expectancy of inheritance. According to the pleading filed in the trial court (and, so far as we can tell, it is not disputed) their mother's will was filed in the Geauga County Court of Common Pleas, Probate Division, one day later.

{¶3} Frederick's complaint alleged that Michael and Lisa had taken advantage of Evelyn's declining cognitive abilities, and through fraud, coercion and undue influence, had manipulated her to rearrange her affairs to benefit themselves to the detriment of Frederick. He claimed that Michael and Lisa "manipulated Evelyn into executing the transfer on death designations, changing of beneficiaries, and the transfer of Evelyn's real and personal property in favor of Michael and/or Lisa, and through improper inter-vivos conveyances . . .." The complaint further stated: "But for Defendants' tortious interreference, it was reasonably certain that Plaintiff would receive property from Evelyn pursuant to her prior estate plan and/or intestacy."

{¶4} By the time the pleadings were closed, both defendants had denied the complaint's allegations, Michael had counterclaimed against Frederick and cross-claimed against Lisa for interfering with *his* inheritance expectation and the court had denied Frederick's motion to dismiss Michael's counterclaim. Corresponding defenses had been asserted by all.

{¶5} On December 18, 2023, Lisa answered Michael's crossclaim and filed a Combined Motion for Judgment on the Pleadings and to dismiss Frederick's and Michael's claims for Intentional Interference with Expectancy of Inheritance (IIEI).

{¶6} Lisa's Motion argued that Frederick's complaint and Count 2 of Michael's crossclaim should be dismissed pursuant to Civ.R. 12(B)(1) and (6) and Civ.R. 12(C).

2

Case No. 2024-G-0012

Michael responded on January 2, 2024, and Frederick responded on January 9, 2024. Lisa replied on January 16, 2024.

{¶7} On January 31, 2024, the trial court granted Lisa's motion for judgment on the pleadings pursuant to Civ.R. 12(C) and dismissed Frederick's complaint and Count 2 of Michael's crossclaim for IIEI as unripe. The trial court said that the claims were unripe because the parties had not exhausted remedies available in probate court.

{¶8} Frederick timely appealed, raising one assignment of error, arguing the trial court erred by granting Lisa's motion for judgment on the pleadings pursuant to Civ.R. 12(C) and finding that his claim for IIEI was not ripe because Frederick had not exhausted his probate court remedies. While Lisa has filed an answer brief, Michael has not appealed the trial court's judgment or filed a responsive brief.

{¶9} After review of the record and the applicable caselaw, we find Frederick's assignment of error to be without merit. Frederick had an adequate remedy available in the probate court to address the claims made in his complaint. The trial court did not err by finding that his claim was not ripe.

{¶10} Therefore, we affirm the judgment of the Geauga County Court of Common Pleas.

### Assignment of Error and Analysis

{¶11} Frederick's sole assignment of error states: "The Court of Common Pleas Erred in Granting Defendant-Appellee Lisa Swango's Motion for Judgment on the Pleadings."

Case No. 2024-G-0012

**Standard of Review:**

{¶12} Civ.R. 12(C) provides: "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Civ.R. 12(C) motions are "specifically for resolving questions of law." *Kravetz v. Streetsboro Bd. of Edn.*, 2012-Ohio-1455, ¶ 13 (11th Dist.). Because a Civ.R. 12(C) motion for judgment on the pleadings tests the legal basis for the claims asserted in a complaint, our standard of review is de novo. *State ex rel. Midwest Pride IV, Inc. v. Pontious*, 75 Ohio St.3d 565, 570 (1996).

{¶13} In ruling on the motion, a court is permitted to consider both the complaint and the answer as well as any material incorporated by reference or attached as exhibits to those pleadings. *Orwell Nat. Gas Co. v. Fredon Corp.*, 2015-Ohio-1212, ¶ 18 (11th Dist.). In so doing, the court must construe the material allegations in the complaint, with all reasonable inferences drawn therefrom, as true and in favor of the non-moving party. *Id.* "[W]hile we construe all of the allegations as true in the complaint, and we may *consider* the responses and affirmative defenses raised in the answer, those are not entitled to any inferences. In other words, the assertion of an affirmative defense does not place a burden on the non-moving party to affirmatively demonstrate or plead the absence of, or any exception to, immunity." *Ganzhorn v. R & T Fence Co.*, 2011-Ohio-6851, ¶ 13 (11th Dist.). A court granting the motion must find that the plaintiff can prove no set of facts in support of the claims that would entitle him or her to relief. *Pontious* at 570.

{¶14} "[A] motion for judgment on the pleadings has been characterized as a belated Civ.R. 12(B)(6) motion for failure to state a claim upon which relief can be

4

granted." *Id.,* quoting *Gawloski v. Miller Brewing Co.*, 96 Ohio App.3d 160, 163, (9th Dist. 1994).

{¶15} Pursuant to Civ.R. 8(A), "[a] pleading that sets forth a claim for relief . . . shall contain (1) a short and plain statement of the claim showing that the party is entitled to relief, and (2) a demand for judgment for the relief to which the party claims to be entitled." Civ.R. 8(A); *Jochum v. State ex rel. Mentor*, 2020-Ohio-4191, ¶ 32 (11th Dist.). "When ruling on a motion to dismiss, 'a plaintiff is not required to prove his or her case at the pleading stage.'" *Mohat v. Horvath*, 2013-Ohio-4290, ¶ 14 (11th Dist.), quoting *York v. Ohio State Highway Patrol*, 60 Ohio St.3d 143, 144-145 (1991). "Rather, a plaintiff is only required to allege a set of facts, which, if proven, would plausibly allow for recovery." *Id.*

**Intentional Interference with expectancy of Inheritance:**

{¶16} The Ohio Supreme Court recognized the tort of IIEI in 1993. *Firestone v. Galbreath*, 67 Ohio St.3d 87, 88 (1993). The elements are:

> (1) an existence of an expectancy of inheritance in the plaintiff; (2) an intentional interference by a defendant(s) with that expectancy of inheritance; (3) conduct by the defendant involving the interference which is tortious, such as fraud, duress or undue influence, in nature; (4) a reasonable certainty that the expectancy of inheritance would have been realized, but for the interference by the defendant; and (5) damage resulting from the interference."

*Id.*

{¶17} Probate courts have jurisdiction to hear will contests pursuant to R.C. 2101.24(A)(1)(p). *Roll v. Edwards*, 2004-Ohio-767, ¶ 22 (4th Dist.). However, Ohio courts have ruled that IIEI claims are tort claims that are not cognizable in the probate court, despite the probate court's plenary jurisdiction. *Id.* at ¶ 24.

5

Case No. 2024-G-0012

{¶18}   Claims for IIEI are not ripe "if there is adequate relief available to the plaintiff through probate procedures, such as a will contest." *Id.* at ¶ 28. (Collecting cases from California, Kansas, Colorado, Missouri, Illinois, North Carolina, and Florida). Punitive damages are irrelevant "for purposes of determining the adequacy of the relief available through probate." *Id.* (Collecting cases from California, Kansas, Colorado, Missouri, Illinois, North Carolina, and Florida).

{¶19}   Thus, dismissal of a claim for IIEI is not reversible error where the plaintiff has not exhausted appropriate probate procedures. *Id.* at ¶ 29.

{¶20}   A will contest and a claim for IIEI "are closely related and may provide different forms of relief for the same or similar legal wrongs" but "no single court has jurisdiction to hear both claims. *Id.* Were a party "permitted to pursue the two causes of action simultaneously, in two separate courts, there is a risk that they will receive a double recovery—the inheritance they seek to reclaim in the will contest and money damages equal to the value of the inheritance in the tort action." *Id.*

{¶21}   An adequate probate remedy will result where a plaintiff in a successful probate action "receive[s] a full expectancy and suffers no actual damages." *Id.* at ¶ 30. In such a case, the probate remedies would also protect the expectancy of an inheritance. *Id.* Until the probate court remedies are exhausted, the IIEI cause of action is not ripe. *Id.*

{¶22}   "The rationale for this is that the probate proceedings may resolve the damages issue by simply validating the will through which the plaintiff is claiming an expectancy." *In re Estate of Goehring*, 2007-Ohio-1133, ¶ 66 (7th Dist.) A "further rationale" is that the probate court "has exclusive jurisdiction to take proof of wills, to construe wills, and to direct, control and distribute testamentary estates." *Id.* Therefore,

6

the "general division of the court of common pleas would normally need to wait for these issues to be resolved before proceeding with a related tort action." *Id.*

{¶23} The exception to the rule requiring exhaustion of probate court remedies is "if no remedy is available in the probate court or if that remedy would be inadequate." *Wickline v. Hoyer*, 2012-Ohio-945, ¶ 14 (10th Dist.), citing *Firestone v. Galbreath,* 895 F.Supp. 917, 926 (S.D.Ohio 1995). Therefore, courts must look to whether the probate court can provide adequate relief "'in the form of actual damages which would be recovered in the tort action; punitive damages awards are not considered a valid expectation in this context.'" *Id.*, quoting *Galbreath* at 926. "Rather, the circumstances surrounding the tortious conduct must be what effectively precludes adequate relief in the probate court." *Swank v. Swank*, 2011-Ohio-6920, ¶ 79 (5th Dist.), citing *DeWitt v. Duce,* 408 So.2d 216, 219 (Fla. 1981).

{¶24} Frederick argues that the reason his probate court remedies are inadequate is because his claims involve non-probate assets. However, probate courts have jurisdiction to resolve the allocation of assets that would have otherwise been in the estate and order their restoration. *See Wickline,* 2012-Ohio-945 ¶ 15.

{¶25} The plenary jurisdiction of the probate court permits it to determine whether property belongs in the probate estate "and should be administered as a part thereof or whether the decedent effactually disposed of such property" in life. *In re Morrison's Estate*, 159 Ohio St. 285, 287 (1953). The probate court "is invested with the power and jurisdiction to adjudicate a matter relating to the title to and status of personal property, where" a party files "a declaration that certain personal property is an asset of the estate and must be administered as such, as against the claim that such property was effectually

7

disposed of by the decedent during his lifetime through a written declaration of trust." *Id.* at syllabus. Matters involving "title and rights or property, which arise in the settlement of decedents' estates are initially within the jurisdiction of the Probate Court and are determinable by that tribunal." *Id.* at 287-288.

{¶26} "If an . . . interested party discovers that an asset was not included in the inventory or supplemental inventory of a decedent, and that the asset may belong to the estate, such party may bring an action in declaratory judgment under R.C. 2721.05, or use the special proceedings of R.C. 2109.50 to determine whether such asset belongs in the estate of the decedent." *Eger v. Eger*, 39 Ohio App.2d 14 (1974), paragraph two of the syllabus.

{¶27} In *Johnson v. Johnson*, 1999 WL 527753 (4th Dist. June 25, 1999), the plaintiff alleged that "Ernest Johnson fraudulently induced Delilah [Johnson] to execute various documents . . . such as the revocation of a trust, transfers of property, etc." *Id.* at *1. Construing R.C. 2101.24, the Fourth District held that "the Probate Court does have jurisdiction to recover assets wrongfully withheld from an estate even if they are withheld as a result of fraud." *Id.* at * 2. If the conveyances were fraudulently induced, it would "render them invalid and . . . cause the property to remain as estate assets." *Id.*

{¶28} In *Genworth Life & Annuity Ins. Co. v. Case*, 2024 WL 1209554 (S.D. Ohio March 21, 2024), there were two conflicting claims to a $500,000.00 death benefit under a life insurance policy issued to the decedent. *Id.* at 1. Case, the decedent's surviving spouse, filed a crossclaim against Stewart, a surviving sister, alleging, among other counts, that Stewart interfered with an expectancy of inheritance. *Id.* The alleged

8

alteration of the policy giving rise to the dispute occurred "just prior to the decedent's death. . .." *Id.*

{¶29} One issue before the court was whether it could address the issue of interference with expectancy of inheritance because the insurance policy and Roth IRA account were non-probate assets. *Id.* at 14. Case therefore argued the traditional requirement to exhaust possible remedies in the probate court did not apply. *Id.*

{¶30} The court agreed that because the assets were non-probate assets, "Case was not required to exhaust this claim in probate court prior to bringing it here." *Id.* at 15. ("[T]ransfer-on-death agreements routinely are used as vehicles to transfer assets outside of probate, with the result being that such assets are non-probate assets." *Hutson v. Uplands Vill.*, 2019 WL 4928896, at *3 (S.D. Ohio Oct. 7, 2019).).

{¶31} Therefore, at least in some circumstances involving non-probate assets, a plaintiff will not have to exhaust probate court remedies before bringing a claim for intentional interference with expectancy of inheritance. But the adequacy of probate remedies will depend on the asset involved and the complaint itself. In *Case*, the only disputed assets were the life insurance policy and the Roth IRA account.

{¶32} However, probate courts do have the authority to provide adequate remedies even when non-probate assets are in question through either "a will contest action or a declaratory judgment action to determine the validity of the inter vivos transfer[s]." *Swank*, 2011-Ohio-6920 at ¶ 80; ¶ 83-84. In *Swank,* the plaintiffs did not have standing to bring these challenges in the common pleas court or the probate court because they did not have any expectancy of an inheritance. *Id.* at ¶ 81, 88. (Even if the

9

claimed tortious interference had not occurred, plaintiffs could not establish expectancy of inheritance "probate or non-probate.").

**{¶33}** In *Wickline*, the plaintiff brought a claim for IIEI claim alleging his siblings had engaged in fraud, embezzlement, undue influence, or a breach of fiduciary duty to acquire $150,000.00 of his mother's money through inter vivos transfers. *Wickline*, 2012-Ohio-945 at ¶ 15. The plaintiff argued this money would have otherwise been part of the estate. *Id.* The Tenth District held that he had an adequate remedy available in the probate court because if his allegations were "found to be true, the probate court can order the funds to be restored to the estate." *Id.* The Tenth District said that the plaintiff could have brought a claim under either R.C. 2109.50 or R.C. 2107.46. *Id.* at ¶ 16.

**{¶34}** R.C. 2109.50 permits a complaint to be made to the probate court having jurisdiction of an estate by a person interested in the estate to compel any person to be examined who is "suspected of having concealed, embezzled, or conveyed away or of being or having been in the possession of any moneys, personal property, or choses in action of the estate, testamentary trust, or guardianship" and to order the assets returned.

**{¶35}** The probate court would have the ability to ensure an adequate remedy through R.C. 2109.52, which permits a probate court to order a person found guilty of embezzling or conveying away assets of the estate to assess damages, order the return of the specific property or order restitution in kind. "These procedures would permit the recovery of any assets wrongfully obtained by fraud or undue influence and would accomplish the same goal as an action for tortious interference with an expectancy based upon the alleged wrongful transfer of assets." *Galbreath*, 895 F.Supp. at 927.

**{¶36}** R.C. 2107.46 provides "Any fiduciary may file an action in the probate court against creditors, legatees, distributees, or other parties, and ask the direction or judgment of the court in any matter respecting the trust, estate, or property to be administered, and the rights of the parties in interest. If any fiduciary fails for thirty days to file an action under this section after a written request from a party in interest, the party making the request may file the action."

**{¶37}** The *Wickline* court said that either of these actions could be filed in probate court to address the plaintiff's claims. *Wickline* at ¶ 18. The only remaining issue was whether the plaintiff could obtain adequate relief through these claims in the probate court. *Id.* The Tenth District said that there were no damages that the plaintiff "could recover in a tort case that are separate from damages that could be recovered in probate court." *Id.* at ¶ 19. Therefore, there was "an appropriate probate procedure" to "receive full restoration of the funds." *Id.*

**{¶38}** Additionally, R.C. 2721.03 provides that any interested person under a deed, will or written contract whose rights are affected by a contract may bring a claim for declaration of rights. R.C. 2721.05 provides that any person interested in the administration of an estate has a right to seek a determination of any question arising out of the estate including the question of wills and other writings.

**{¶39}** The effect of these statutes "taken together, allow one responsible for the administration of an estate or personally interested in the administration of an estate to bring a declaratory judgment action in the probate court to have written instruments potentially affecting the rights and property which are the subject of an estate considered." *Bobko v. Sagen*, 61 Ohio App.3d 397, 406, (8th Dist.1989).

11

Case No. 2024-G-0012

{¶40} Thus, cases involving the validity of inter vivos transfers may be brought in the probate court where the property transferred is related to the administration of an estate. *Id.* Inter vivos transfers that involve real property, which would revert to the estate if the transfers are found invalid, are actions related to the administration of the estate and are within the exclusive jurisdiction of the probate court. *Id.*

{¶41} Joint accounts providing for survivorship are typically afforded a "survivorship presumption" that "serves to establish the surviving party's right to the sums remaining on deposit at the depositor's death as against the estate of the depositor." *Wright v. Bloom*, 69 Ohio St.3d 596, 603 (1994). However, this presumption may be overcome by evidence of "fraud, duress, undue influence or lack of capacity." *Id.* at paragraph two of the syllabus. Despite such accounts being non-probate transfer on death assets, the probate court has jurisdiction to address this question. *Id.* at 607.

{¶42} In light of the above authorities, we conclude that Frederick did have an adequate remedy available in the probate court to address his claims.

{¶43} Frederick's complaint alleged that Michael and Lisa engaged in "fraud, coercion, and undue influence, when they manipulated Evelyn into executing the transfer on death designations, changing of beneficiaries, and the transfer of Evelyn's real and personal property in favor of Michael and/or Lisa, and through improper inter-vivos conveyances. . .."

{¶44} However, the probate court has the jurisdiction to address fraudulent or improper inter vivos transfers through a will contest or declaratory judgment action. *See Swank*, 2011-Ohio-6920 at ¶ 80; ¶ 83-84; *Bobko*, 61 Ohio App.3d at 406. Such an action could also dispute the validity of transfer on death or joint survivorship assets, alleging

12

fraud, duress, undue influence or lack of capacity. *See Wright v. Bloom*, 69 Ohio St.3d at 603; *Wickline*, 2012-Ohio-945 at ¶ 15-16. Frederick has not exhausted his probate remedies. The probate court could restore assets to the estate that were removed through fraudulent inter vivos transfers or fraudulent conversions to non-probate assets. Because of this, there is a risk of double recovery warned of in *Roll*. Thus, his claim cannot be ripe, because it would permit him to seek to reclaim the same inheritance in two courts. Until Frederick has exhausted these adequate remedies, his IIEI cause of action is not ripe.

{¶45} Accordingly, Frederick's sole assignment of error is without merit and the judgment of the Geauga County Court of Common Pleas is affirmed.


MATT LYNCH, J.,

ROBERT J. PATTON, J.,

concur.

Case No. 2024-G-0012