[Cite as *Hoelzer v. Kacachos*, 2025-Ohio-4506.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

|  |  |  |
|---|---|---|
| VERDA JOHNSON HOELZER, EXECUTRIX OF THE ESTATE OF NED C. HOELZER, | : | CASE NO. CA2024-12-141 |
|  | : | OPINION AND JUDGMENT ENTRY 9/29/2025 |
| Appellee, | : |  |
|  | : |  |
| - vs - | : |  |
|  | : |  |
| HEATHER KACACHOS, ET AL., | : |  |
| Appellants. | : |  |

CIVIL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CV 2022 11 1831

Rapier & Bowling Co., LPA, and Kyle M. Rapier, for appellee.

Taft Stettinius & Hollister LLP, and Chad R. Ziepfel and Julia B. Meister, for appellants.

## O P I N I O N

**SIEBERT, J.**

{¶ 1} Appellants, Heather and Tom Kacachos ("Heather and Tom"), appeal the decision of the Butler County Court of Common Pleas, General Division ("General

Division") which granted a motion to dismiss in favor of Verda Hoelzer ("Verda"), Executor of the Estate of Ned Hoelzer ("Estate"). Because the General Division has the exclusive jurisdiction to determine the value and enforceability of the contract at issue, it erred when it granted the Estate's motion to dismiss. We reverse and remand the matter to the General Division for further proceedings consistent with this opinion.

## I. Factual and Procedural Background

{¶ 2} In July 2017, Ned Hoelzer ("Ned") transferred his ownership interest in several business entities to Heather, his daughter, and her husband, Tom. In return, Heather and Tom signed a promissory note for $7,000,000, with 2% annual interest and monthly payments of $29,670 over 25 years ("2017 Note" or "Note").

{¶ 3} In November 2018, Ned married Verda. Two years later, in November 2020, Ned purportedly executed a new will ("2020 Will"), which left nominal bequests of $100 to each of his children and gave the bulk of his estate to Verda. The 2020 Will identified the 2017 Note as the primary asset of the Estate.

{¶ 4} Ned passed away in January 2022. Verda was appointed executor under the 2020 Will, with the "Estate Administration" beginning on March 22, 2022. On June 3, 2022, Heather and Tom filed a "Will Contest," challenging the validity of the 2020 Will. The Butler County Court of Common Pleas, Probate Division ("Probate Court"), has jurisdiction over both the Estate Administration and the Will Contest.

{¶ 5} On November 4, 2022, the Estate filed a complaint in the General Division, alleging that Heather and Tom had stopped making payments on the 2017 Note after Ned's death. The complaint included claims for breach of contract, unjust enrichment, and promissory estoppel ("Breach of Contract Suit").

{¶ 6} Heather and Tom answered the complaint and responded that Ned had

intended for the payments to stop upon his death.[1] On November 21, 2023, they filed a compulsory counterclaim in the Breach of Contract Suit, asserting claims for unjust enrichment and promissory estoppel. They alleged that the parties had agreed the Note would terminate upon Ned's death and that the Estate was unjustly enriched by retaining payments made thereafter. Additionally, Heather and Tom claimed they suffered unfair injury as a result of Ned's promise that the 2017 Note would be extinguished upon his death.

{¶ 7} On October 14, 2024, the Estate voluntarily dismissed its complaint under Civ.R. 41(A)(1), leaving Heather and Tom's counterclaims. On October 25, 2024, the Estate moved to dismiss those counterclaims, arguing that the Probate Court had exclusive jurisdiction and jurisdictional priority if the Probate Court and General Division held concurrent jurisdiction. Heather and Tom opposed the motion, asserting that their claims were separate from the Will Contest and Estate Administration actions pending in Probate Court.

{¶ 8} On November 14, 2024, the General Division granted the Estate's motion to dismiss, concluding that the Probate Court had exclusive jurisdiction under R.C. 2101.24(A)(1)(c) and (p), which governs matters related to estate administration and will contests. The court concluded that Heather and Tom's counterclaims were identical to the issues already pending in the Probate Court and that all remaining matters were directly related to the administration of the estate.

{¶ 9} In addition, the General Division found that the jurisdiction priority rule applied. This rule states that "as between state courts of concurrent jurisdiction, the

---

1. We note the parties also dispute whether Heather and Tom were entitled to other receivables under the terms of the 2017 Note. However, because this appeal is limited to the issue of jurisdiction, we decline to address or enumerate each contested issue that may ultimately bear on the merits of the underlying action.

tribunal whose power is first invoked acquires exclusive jurisdiction to adjudicate the whole issue and settle the rights of the parties." *Triton Servs., Inc. v. Reed*, 2016-Ohio-7838, ¶ 8 (12th Dist.). The General Division concluded that because the Probate Court's jurisdiction was invoked first, it retained the authority to resolve the matter.

{¶ 10} Heather and Tom now appeal, raising one assignment of error for review.

## II. Law and Analysis

{¶ 11} In their sole assignment of error, Heather and Tom argue that the General Division erred in dismissing their counterclaims for lack of subject matter jurisdiction. Under Civ.R. 12(B)(1), a trial court may dismiss a case when it lacks jurisdiction over the subject matter of the litigation. This court reviews such dismissal de novo, meaning we independently examine the record without giving deference to the trial court's decision. *McKenzie v. Meijer, Inc.*, 2017-Ohio-1495, ¶ 10 (12th Dist.); *Dinan v. Dinan*, 2014-Ohio-3882, ¶ 13 (12th Dist.).

*Jurisdiction of the Probate Court*

{¶ 12} Pursuant to R.C. 2101.24, probate courts have exclusive jurisdiction over certain matters and concurrent jurisdiction over others, shared with the general division of the court of common pleas. *Wiggins v. Safeco*, 2019-Ohio-312, ¶ 9 (2d Dist.). A probate court has exclusive jurisdiction over the following matters:

> (A)(1) Except as otherwise provided by law, the probate court has exclusive jurisdiction:
>
> . . .
>
> (c) To direct and control the conduct and settle the accounts of executors and administrators and order the distribution of estates;
>
> . . .
>
> (p) To hear and determine actions to contest the validity of wills.

R.C. 2101.24(A)(1)(c) and (p).

{¶ 13} In this case, the General Division also concluded that even if jurisdiction was not exclusive, the Probate Court had jurisdictional priority because its authority was invoked first. This implies a finding of concurrent jurisdiction; however, the General Division did not cite a specific provision of R.C. 2101.24(B) to support this conclusion.[2]

{¶ 14} Probate courts are courts of limited jurisdiction and may only exercise powers granted by statute or the Ohio Constitution. *In re Estate of Rush*, 2014-Ohio-3293, ¶ 31 (12th Dist.), citing *State ex rel. Lipinski v. Cuyahoga Cty. Court of Common Pleas, Probate Div.*, 1995-Ohio-96, ¶ 15. Courts cannot create jurisdiction where the law does not provide it. *Waltco Truck Equip. Co. v. Tallmadge Bd. of Zoning Appeals*, 40 Ohio St.3d 41, 43 (1988).

{¶ 15} A probate court has the "full power to determine what property is lawfully included in an inventory as assets." *Estate of Welch v. Taylor*, 2020-Ohio-6909, ¶ 29 (12th Dist.), citing *Schiavoni v. Roy*, 2012-Ohio-4435, ¶ 6 (9th Dist.) (finding probate court had jurisdiction to determine whether it was proper exercise of power of attorney to obtain annuities subject to undue influence and breach of fiduciary duties claims). In both *Welch* and *Schiavoni*, the probate court properly exercised jurisdiction where a party had allegedly exerted undue influence or misappropriated funds through a power of attorney or as an authorized signer. *Welch* at ¶ 3; *Schiavoni* at ¶ 2. However, neither case addressed disputes arising from the contractual terms of the agreements themselves.

{¶ 16} To that point, Ohio courts have consistently held that probate courts lack jurisdiction over breach of contract claims and declaratory judgment claims involving

---

2. R.C. 2101.24(B) lists matters over which probate courts share concurrent jurisdiction with the general division of the court of common pleas.

contracts. *Wiggins* at ¶ 13, citing *In re Creation of a Park Dist. Within Chester Twp.*, 2017-Ohio-4031, ¶ 39 (11th Dist.). Breach of contract claims are not among the matters listed in R.C. 2101.24. *Buckman-Peirson v. Brannon*, 2004-Ohio-6074, ¶ 12 (2d Dist.). In addition, claims based on quasi-contract principles, such as unjust enrichment and promissory estoppel, are also outside probate jurisdiction. *See Kraus v. Hanna*, 2004-Ohio-3928, ¶ 39 (11th Dist.) (holding that a claim for unjust enrichment, which is grounded in quasi-contract principles, falls outside the probate court's jurisdiction); *Gus Hoffman Family Ltd. Partnership v. David*, 2007-Ohio-3968, ¶ 6 (12th Dist.) (recognizing promissory estoppel as a quasi-contractual doctrine).

{¶ 17} Here, Heather and Tom's counterclaims for unjust enrichment and promissory estoppel are contractual or quasi-contractual in nature. *See Kraus* at ¶ 39; *David* at ¶ 6. They allege that payments under the 2017 Note were intended to cease upon Ned's death. Although these counterclaims bear relevance to the ultimate resolution of the Estate, they present distinct legal issues that fall outside the scope of the Estate Administration. *See Wiggins*, 2019-Ohio-312, at ¶ 13 (holding that breach of contract claims are separate from matters concerning estate administration).

{¶ 18} Heather and Tom's counterclaims in the General Division do not challenge the inclusion of the 2017 Note in the Estate.[3] They do not seek to direct Verda's conduct, settle estate accounts, or distribute estate assets, R.C. 2101.24(A)(1)(c), nor do their counterclaims challenge the validity of the 2020 Will. R.C. 2101.24(A)(1)(p). Instead, their counterclaims focus on an underlying, separate question related to an Estate asset— whether the Estate is estopped from enforcing the Note against them and whether they

---

3. Heather and Tom, however, dispute the enforceability of the Note. In their exceptions to the partial account filed in the Probate Court, they specifically contest the enforceability of the Note and reference this matter, which was then-pending before the General Division.

are entitled to damages for payments made after Ned's death. Their counterclaims seek judicial interpretation of the terms of the 2017 Note and a determination of their entitlement to relief for unjust enrichment and promissory estoppel.

{¶ 19} The probate court has the jurisdiction to determine which assets should be included in an estate, but that authority does not extend to give the Probate Court the jurisdiction to determine underlying legal questions regarding the enforceability of disputed contractual terms. In other words, the Probate Court here has the authority to determine whether the Note is an asset of the estate, via the language in the controlling will, to the extent it is enforceable. But the General Division is the court with the jurisdiction to determine the value and enforceability of the 2017 Note. Accordingly, the General Division erred in dismissing the counterclaims based on a finding of exclusive or concurrent jurisdiction in the Probate Court. As held in *Kraus* and *Wiggins*, such claims fall outside the jurisdiction of the Probate Court.

*Jurisdictional Priority Rule*

{¶ 20} Because the Probate Court does not have jurisdiction over Heather and Tom's counterclaims, the jurisdictional priority rule does not apply. *Sosnoswsky v. Koscianski*, 2018-Ohio-3045, ¶ 24 (8th Dist.). That rule only applies when two courts have concurrent jurisdiction and one is invoked first. *See Priconics, L.L.C. v. Amperor, Inc*., 2018-Ohio-551, ¶ 9 (12th Dist.). Since the Probate Court lacks jurisdiction over the counterclaims, jurisdiction properly lies with the General Division.

**III. Conclusion**

{¶ 21} Heather and Tom's counterclaims raise distinct legal issues concerning the 2017 Note and do not fall within the Probate Court's jurisdiction. The General Division erred in dismissing these claims. Accordingly, we sustain Heather and Tom's sole assignment of error.

{¶ 22} Judgment reversed and remanded.

M. POWELL, J., concurs.

PIPER, J., dissents.

**PIPER, J., dissenting.**

{¶ 23} It is well known that probate courts are of limited jurisdiction and are only authorized to exercise that jurisdiction expressly permitted by statute and by the Ohio Constitution. *Corron v. Corron*, 40 Ohio St.3d 75, 77 (1998); *Schucker v. Metcalf*, 22 Ohio St.3d 33, 34 (1986). A probate court has exclusive jurisdiction over matters set forth in R.C. 2101.24(A). This statutory jurisdiction is exclusive for all matters pertaining to the administration of estates. *Thomas v. Delgado*, 2022-Ohio-4235, ¶ 60 (3rd Dist.). A second statutory jurisdiction exists for probate courts to have concurrent jurisdiction alongside the general division. R.C. 2101.24(B).[4] When a probate court has concurrent jurisdiction, and two actions are pending, the jurisdiction-priority rule must be examined and applied, if appropriate.[5] Therefore, for the reasons outlined below, I respectfully part ways with the majority opinion and dissent.

## EXCLUSIVE JURISDICTION

{¶ 24} R.C. 2101.24(A)(1)(c) broadly grants exclusive jurisdiction to probate courts "[t]o direct and control and settle the accounts of executors . . . and order the distribution of estates." The probate court then exclusively presides over the conduct of an executrix in performing those duties related to administrating an estate. R.C. 2101.24(A)(1)(c).

---

4. The parameters of a probate court's otherwise broad statutory grant of jurisdiction are aided by the "directly related" test explained in *Zuendel v. Zuendel*, 63 Ohio St 3d. 733,737 (1992).

5. Jurisdiction-priority rule governs where two actions filed (one in probate, the other in the general division) have similar issues, not all identical, yet the "whole issue" exception applies to the probate court's exclusive jurisdiction. *In re Baughman Irrevocable Trust*, 2025-Ohio-1892, ¶ 13 (3rd Dist.); *Master Nails, Inc. v. Master Nails Lana, LLC.*, 2024-Ohio-1694, ¶ 14 (8th Dist.).

Determining release from administration (regarding the size of an estate) is also exclusively with a probate court's jurisdiction. R.C. 2101.24(A)(1)(aa)(bb).

{¶ 25} A probate court cannot preside over the settlement of accounts without determining which assets are to be included, or excepted, in the initial inventory and later in the final accounting. Resolving disputes involving claims, purported gifts, testamentary intent, and transfers of assets, both pre-and-post death, are issues for a probate court to resolve in presiding over the administration of an estate. Agreements and the breach of agreements can be intertwined within each of these issues. *See Estate of Dombroski v. Dombroski,* 2014-Ohio-5827 (7th Dist.).

{¶ 26} The lack of clarity as to when exclusive jurisdiction falls upon the probate courts leaves litigants reaching and courts without guidance. Due to the complexity of Ohio's jurisdictional rules for probate courts, and the continuing problems in construing the relationship between Ohio's general and probate divisions, "courts have been unable to develop any useful test to determine when a dispute regarding the administration of an estate would confer exclusive jurisdiction over an action on the probate court." *Id.* at ¶ 16, citing John F. Winkler, *The Probate Courts of Ohio*, 28 U.Tol. L.Rev. 563 (1997). What we do know, however, is the manner in which the dispute is generalized, characterized, or labeled by the parties is not the deciding factor.

{¶ 27} In *Dombroski*, the estate was to be released from administration due to the valuation of probate assets. Fraud was being alleged; money damages were requested. Finding the probate court had exclusive jurisdiction, and citing R.C. 2101.24(C), the appellate court determined that the probate court had full authority, both in law and equity, unless limited or denied by a section of the Ohio Revised Code. Emphasizing the probate court's responsibilities, and that not all issues fell solely within the probate court's jurisdiction, the appellate court in *Dombroski* concluded:

> Properly distributing the estate and determining whether improperly valued assets would have pushed the estate out of the limits for a summary release would be a goal of fully adjudicating and determining the summary release. The main issue is within the probate court's exclusive jurisdiction, and articulated claims for monetary damages fall under the court's plenary jurisdiction to fully adjudicate a subject that is within the court's exclusive jurisdiction.

*Id.*, 2014-Ohio-5827, at ¶ 46; *see also Vondrasek v. Heiss*, 2024-Ohio-3061, ¶ 32 (11th Dist.) (noting that "probate courts do have the authority to provide adequate remedies even when non-probate assets are in question through either 'a will contest action or declaratory judgment action to determine the validity of inter vivos transfer[s]'"), quoting *Swank v. Swank,* 2011-Ohio-6920, ¶ 80, ¶ 83-84 (5th Dist.).

{¶ 28} It is common knowledge a probate court presides over all aspects of estate administration including an executor's or fidiciary's conduct in pursuing assets and resolving claims directly related to the estate. *See Zuendel v. Zuendel,* 63 Ohio St.3d 733 (1992) (where the court explained that contractual disputes can be within probate jurisdiction but only when they directly relate to estate administration). Therefore, according to *Zuendel,* the correct analysis involves whether the dispute, even when couched as contractual, directly relates to the administration or settlement of the estate.

{¶ 29} While the contractual agreement in *Zuendel* was not directly related to estate administration, the particular circumstances herein are swirling with numerous estate issues not present in *Zuendel*. This includes such issues as testamentary intent, transfer of assets, intended gifts or forgiveness, undue influence, and the like. Furthermore, as the parties have acknowledged, the dispute herein determines whether there is any substance or significance to the estate for the executrix to administer.[6]

---

6. A further factual distinction in *Zuendel* is important in distinquishing the nature of the agreement in *Zuendel* and the alleged agreement herein. The agreement in *Zuendel* was between adult children of the decedent. Two children were not included in the will, but by an agreement were to receive an amount as their inheritance. The agreement was outside the actual administration of the estate and the fact that one

{¶ 30} The executrix filed with the probate court for authority to administer the estate and was thereafter appointed. Then, also filed in probate court was a will contest. Disagreements ensued. The executrix, representing the estate, subsequently filed an action in the general division due to those disagreements. Appellants having already filed a will contest in the probate court, then filed crossclaims in the general division. The estate responded by voluntarily dismissing its suit in the general division with a subsequent motion requesting dismissal alleging the particular subject matter belonged in the probate court. Appellants opposed and argued that their crossclaims should remain in the general division as separate litigation.

{¶ 31} In evaluating the nature of the crossclaims and the relief requested, the general division disagreed with appellants and agreed with the estate. The general division thus found that there was concurrent jurisdiction regarding the particular subject matter of the crossclaims. This in turn required the general division court to examine and apply the jurisdictional-priority rule. The general division determined the first court in which the case was filed, the probate court, had exclusive jurisdiction. I agree with the general division and find no error with this determination.

{¶ 32} When separating the forest from the trees, it is apparent that the general division court was correct; the probate court has exclusive jurisdiction due to the particular nature of the claims to be settled by litigation (which are directly related to the estate). The issues the parties are litigating determine whether there is an estate of any value to be administrated. The probate court has the plenary power to resolve all of the

---

of the children inheriting in the estate administration and was the executor was not dispositive of the agreement reached outside the court. Here, an understanding between the adult children not inheriting under the will was alleged to be with the decedent: a "gift" of forgiveness for repayment vs. the estate collecting payments from the adult children. Further entanglement involves allegations of undue influence over the distribution of estate assets. Therefore while the contractual agreement in *Zuendel* was not directly related to how the estate was to be administered, such is not the case herein.

contentions raised between the parties. R.C. 2101.24(C). After a thorough review of the pleadings and allegations therein, I reach the same conclusion as the general division court. That is to say, I agree with the court's decision finding the probate court has exclusive jurisdiction pursuant to its statutory authority. Therefore, because I can find no error with the trial court's decision, I would affirm rather than reverse for a lack of exclusive jurisdiction.

**CONCURRENT JURISDICTION**

{¶ 33} Probate courts *generally* do not have jurisdiction to adjudicate contract disputes. To this extent, I agree with the majority and some of the caselaw cited. However, the analysis must penetrate such generalized conclusions.[7]

{¶ 34} Generalizations used to deny jurisdiction do not apply if the dispute directly affects the administration of the estate or the executrix's obligation to make a full and accurate accounting of assets and the ultimate settling of the estate. Admittedly, the boundary lines can be faint and difficult to distinguish. Thus, the analysis needs to determine whether the issues in dispute directly relate the estate administration or merely involve the same people or same assets. However, if the assets in question directly affect how the estate is administered, or what assets are to be collected, the dispute is subject to concurrent jurisdiction. The same is true of an alleged gift. R.C. 2101.24(B)(1)(c)(iv). Both are subject matters involved in the crossclaims.

{¶ 35} In this case, even if jurisdiction did not fall exclusively to the probate court,

---

7. My colleagues cite *Kraus v. Hanna*, 2004-Ohio-3928 (11th Dist.) for the principles that unjust enrichment and quasi-contracts are beyond a probate court's jurisdiction. *Kraus* is unpersuasive for multiple reasons: (1) two of the three panel members concurred in judgment only; (2) the case involved a creditor's claim that the estate had rejected; and (3) there was no involvement of R.C. 2101.24(B)(1)(c)(v), which grants a probate court concurrent jurisdiction "and the same powers at law and in equity" as a common pleas court to hear and determine "any action with respect to a probate estate" regarding assets passing "upon death of an individual otherwise than by will, intestate succession, or trust." Therefore, with respect to my colleagues, I do not find *Kraus* to be persuasive authority for the principles that unjust enrichment and quasi-contracts are beyond a probate court's jurisdiction.

the particular subject matter at issue places the probate court with concurrent jurisdiction with that of the general division. This is because, as the record plainly establishes, and as the parties acknowledge, without resolution of their particular issues there is barely an estate to be administered, thereby implying that any inconsequential assets would be relieved from administration. Therefore, because the particular subject matter at issue places the probate court with concurrent jurisdiction alongside that of the general division, we must examine application of the jurisdictional-priority rule to the case at bar.

## JURISDICTIONAL-PRIORITY RULE

{¶ 36} "The jurisdictional-priority rule provides that as between state courts of concurrent jurisdiction, the tribunal whose power is first invoked acquires exclusive jurisdiction to adjudicate the whole issue and settle the rights of the parties." *State ex rel. Consortium Economic & Community Dev. For Hough Ward 7 v. Russo*, 2017-Ohio-8133, ¶ 8. When it applies, the court in the second case patently and unambiguously lacks jurisdiction by operation of law; that is the rule of jurisdictional priority. *Id*. It is obvious and commonsensical that the rule exists to promote judicial economy and prevent a labyrinth of litigation.

## "WHOLE ISSUE" EXCEPTION

{¶ 37} As noted above, under the jurisdictional-priority rule, the tribunal whose power is first invoked acquires jurisdiction "'"to the exclusion of all other tribunals, to adjudicate upon the whole issue and to settle the rights of the parties."'" *State ex rel. Otten v. Henderson*, 2011-Ohio-4082, ¶ 24, quoting *State ex rel. Racing Guild of Ohio v. Morgan*, 17 Ohio St.3d 54, 56 (1985), quoting *State ex rel. Phillips v. Polcar*, 50 Ohio St.2d 279 (1977), syllabus. The rule is *generally* applied when the cause of action is the same and the parties are the same. *Id.* The exception permitting application of the jurisdictional-priority rule is referred to as the "whole issue" exception. *In re Baughman Irrevocable*

*Trust*, 2025-Ohio-1892, ¶ 13 (3rd Dist.); *Master Nails, Inc. v. Master Nails Lana, LLC.,* 2024-Ohio-1694, ¶ 14 (8th Dist.). This exception permits the whole issue to be determined by the first action filed.

{¶ 38} Appellate courts have noted the significance of "overlap" between the two, separately filed actions for the "whole-issue" exception to apply. The "overlap" need not be identical. The Third District Court of Appeals in *In re Baughman Irrevocable Trust* determined that actions fall within the whole issue exception when (1) there are cases pending in two different courts of concurrent jurisdiction involving substantially the same parties; and (2) ruling from the second filed case may affect or interfere with the resolution of the issues before the court where the action was originally filed. *Id.* ¶ 14, citing *Hughes v. Hughes*, 2020-Ohio-5026, ¶ 13 (10th Dist.). The actions in this case clearly involve the same parties and will affect or interfere with the administration of the estate at issue.

## CONCLUSION

{¶ 39} The probate court needs to adjudicate upon the whole issue and settle the rights of the parties. Therefore, for the reasons outlined above, I respectfully part ways with the majority opinion and dissent.

# J U D G M E N T   E N T R Y

The assignment of error properly before this court having been ruled upon, it is the order of this court that the judgment or final order appealed from be, and the same hereby is, reversed and this cause is remanded for further proceedings according to law and consistent with the above Opinion.

It is further ordered that a mandate be sent to the Butler County Court of Common Pleas for execution upon this judgment and that a certified copy of this Opinion and Judgment Entry shall constitute the mandate pursuant to App.R. 27.

Costs to be taxed in compliance with App.R. 24.

/s/ Mike Powell, Judge

/s/ Melena S. Siebert, Judge